Rosebud H. MARTIN and E. L. Martin,

v.

UNITED STATES of America, Defendant and Third-Party Plaintiff (City of Philadelphia, Third-Party Defendant).

Civ. A. No. 23471.

United States District Court
E. D. Pennsylvania, E. D.

April 17, 1958.

Rufus Scoville Watson, Philadelphia, Pa., for plaintiff.

John A. Erickson, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

KIRKPATRICK, Chief Judge.

■ The right of contribution accorded by the Pennsylvania statute to one joint tortfeasor against the other creates a cause of action of a different nature from the tort action which is the subject of the original suit, and it would be at least possible to argue that, for that reason, the doctrine of immunity of a municipal corporation from liability for the negligence of its officers does not apply to a third-party action for contribution—even if it be assumed that the doctrine can be asserted against the United States. However, the third-party plaintiff in this case cannot make that argument because the third-party complaint does not plead or suggest a joint tort.

■ The third-party action against the City is predicated upon an act of negligence subsequent to and wholly separate and distinct from that which is the basis of the original action. After describing the alleged negligent act of the city policeman, which occurred in the course of placing the plaintiff in the police ambulance, the third-party complaint proceeds "All damages, injuries, and losses resulting to plaintiffs were caused solely by the negligence of third-party defendant's agents, servants or employees, through the careless, reckless and improper treatment of plaintiff Rosebud H. Martin". This might be a good defense to the original action but it does not describe any claim which the United States has or may have against the City of Philadelphia. It no more resembles a joint tort than if the allegation had been that, on the way to the hospital, a policeman on the sidewalk, pursuing a fugitive, had accidentally shot the plaintiff.

The motion to dismiss the third-party plaintiff's complaint is granted.