Patricia L. KLOTZ

v.

**SUPERIOR ELECTRIC PRODUCTS CORP. and Aldens, Inc.**

v.

**Adam S. BUTZ, Jr., Dolores J. Moyer and Wilkes College.**

Civ. A. No. 79–2482.

United States District Court, E. D. Pennsylvania.

Aug. 25, 1980.

Murray Mackson, Palmerton, Pa., for plaintiff.

Blake C. Marles, Allentown, Pa., for Superior & Aldens.

William J. McKinley, Philadelphia, Pa., Wesley M. Wasylik, Bethlehem, Pa., for Butz.

Joseph F. Leeson, Bethlehem, Pa., for Moyer.

William E. Schantz, Allentown, Pa., for Wilkes.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Plaintiff filed this action against defendant Superior Electric Products Corp. (Superior) alleging that she contracted trichinosis after having eaten a pork sausage cooked on a "Superelectric Super Twin–Burger" (the cooker) manufactured and sold by Superior. The complaint alleges that on July 9, 1977 she cooked the sausage pursuant to the directions supplied by Superior, but that due to a defect in the cooker the sausage was not properly cooked, resulting in her contracting trichinosis. Superior impleaded third–party defendant Wilkes College (Wilkes), alleging that plaintiff's trichinosis resulted from her ingesting a pork product served in Wilkes' cafeteria on July 8, 1977, not from the July 9 incident involving the cooker. Wilkes has moved for a determina-tion of its defenses to the third–party complaint pursuant to Fed.R.Civ.P. 12(d). Wilkes argues that (1) this court lacks subject matter jurisdiction over the third–party complaint in that Wilkes cannot, under applicable law, be held liable for any portion of plaintiff's claim against Superior, and (2) that the third–party complaint fails to state a claim upon which relief can be granted. Because I agree that this court lacks subject matter jurisdiction over the third–party complaint against Wilkes, I shall not reach the merits of Wilkes' second argument.

Fed.R.Civ.P. 14(a) states that a defendant may implead "a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." Thus "[a] third party claim may be asserted under Rule 14(a) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant." 6 Wright and Miller, *Federal Practice and Procedure*, § 1446 at 246 (1971) (footnotes omitted). In the context of this case, Superior may properly implead Wilkes only if Wilkes may be jointly and severally liable for the injury alleged by plaintiff or if Superior has a right of indemnity or contribution against Wilkes in the event Superior is held liable to plaintiff. *See id.* This determination must be made pursuant to Pennsylvania substantive law. *Goldlawr, Inc. v. Schubert*, 276 F.2d 614 (3d Cir. 1960).

It is axiomatic that in the context of a tort action joint and several liability arises only among joint tortfeasors. In the Uniform Contribution Among Joint Tortfeasors Act, 42 Pa.Const.Stat.Ann. § 8321 *et seq.*, joint tortfeasors are defined as "two or more persons jointly or severally liable in tort for the same injury to persons or property ..." 42 Pa.Cons.Stat.Ann. § 8322. In order for two persons to be joint tortfeasors, they must have committed a joint tort. Where "[t]he acts of the original wrongdoer and the [alleged joint tortfeasor] are severable as to time, neither having the opportunity to guard against the other's acts, and each breaching a different duty

owed to the injured plaintiff," the persons are not joint tortfeasors. *Lasprogata v. Qualls*, 397 A.2d 803, 805 (Pa.Super.1979). It is clear from the complaint and the third–party complaint that Superior and Wilkes are not joint tortfeasors. In the original complaint, plaintiff alleges that she contracted trichinosis from a tort which occurred on July 9, 1977, the cooking of a sausage on a defective cooker. The third-party complaint alleges that the trichinosis occurred as a result of the ingestion of a different pork product on July 8, 1977 in Wilkes' cafeteria. These two events are clearly "severable as to time", *see id.*, and, if both actually occurred, involved the "breaching of a different duty owed to the injured plaintiff." *See id.*

 Assuming *arguendo* that Superior and Wilkes are joint tortfeasors, the fact that the third–party complaint alleges liability as the result of an event totally separate from that alleged by plaintiff vitiates any rights of indemnity or contribution which Superior might have against Wilkes on the original cause of action. Contribution will not arise from distinct causes of action, regardless of how similar the events may have been or how close in time they may have occurred. *Mallesky v. Stevens*, 427 Pa. 352, 235 A.2d 154 (1967) (joinder disallowed where defendant and putative third–party defendant both crashed their automobiles into plaintiff's home within a few minutes of each other, because "two separate incidents occurred and . . . each of the separate defendants should be responsible for damages which resulted from his negligence . . ."). The right of indemnity arises among joint tortfeasors in Pennsylvania only where there exists an indemnity contract between them, which has not been alleged here, or where one is secondarily liable and the other primarily liable. *Globe Indemnity Co. v. Agway, Inc.*, 456 F.2d 472, 474–75 (3d Cir. 1975). "Secondary as distinguished from primary liability rests upon a fault that is imputed or constructive only, being based on some legal obligation between the parties or arising from some positive rule of statutory or common law or because of failure to discover or correct a defect or remedy a dangerous condition caused by the act of one primarily responsible." *Burbage v. Boiler Eng. & Supply Co.*, 433 Pa. 319, 326–27, 249 A.2d 563 (1969). Pursuant to this definition, the matters alleged in the third–party complaint could not possibly make Wilkes secondarily liable for the injury alleged in plaintiff's complaint. Absent an indemnity contract or secondary liability, Superior cannot obtain indemnity from Wilkes for liability arising from the July 9, 1977 incident as a matter of substantive Pennsylvania law.

Accepting as true all of the matters alleged in the third–party complaint and plaintiff's complaint, it is nonetheless clear that Superior and Wilkes are not joint tortfeasors as to the July 9, 1977 incident, nor does Superior have any right of contribution or indemnity against Wilkes arising from that incident. Thus, while the facts alleged in the third–party complaint may constitute a valid defense to plaintiff's allegations, they do not support a proper impleader pursuant to Rule 14(a). "[I]mpleader is available only against persons who are or may be liable to defendant for part or all of plaintiff's claim; it cannot be used as a way of combining all controversies having a common relationship in one action." 6 Wright and Miller, *Federal Practice and Procedure*, § 1442 at 206 (1971), *citing U.S. Fidelity & Guaranty Co. v. Perkins*, 388 F.2d 771 (10th Cir. 1968). Thus Wilkes is not a proper third–party defendant in this action, and the third–party complaint against it must be dismissed for lack of subject matter jurisdiction. An appropriate order follows.