**Raymond O. TESCH, et al.**

v.

**UNITED STATES of America, et al.**

**Civ. A. No. 81–3956.**

United States District Court,
E. D. Pennsylvania.

Sept. 9, 1982.

Herbert J. Kolsby, Kolsby & Gordon, Philadelphia, Pa., for plaintiffs.

Alexander E. Ewing, Jr., Asst. U. S. Atty., Philadelphia, Pa., for defendant.

Aaron M. Fine, Arthur M. Kaplan, Fine, Kaplan & Black, Philadelphia, Pa., for third party defendants.

## MEMORANDUM

GILES, District Judge.

Third-party defendants Ballard, Spahr, Andrews & Ingersoll, John Tingalia, Esquire and Linda S. Martin, Esquire, (hereinafter referred to collectively as "Ballard")

filed this Motion to Dismiss or Strike Defendant United States' Amended Third-Party Complaint against them. Since matters outside the pleadings were submitted, I shall treat the motion as one for summary judgment.[1] Fed. R. Civ. P. 12(b)(6). For the following reasons the motion is granted.

Plaintiff, a representative of the estate of William Holck, filed suit against the United States under the Federal Tort Claims Act, 28 U.S.C. § 2672, alleging medical malpractice by the Veterans Administration Hospital ("VA Hospital"), which purportedly resulted in Holck's death. The United States filed an Amended Third Party Complaint against Ballard asserting that it is liable to the United States for contribution or indemnity.

To understand fully the basis of the United States' claims against Ballard, some background is necessary. Ballard represented Holck in a personal injury action filed in 1977 before this court. In that suit Holck sought recovery of damages from GAF Corporation for injuries sustained on August 4, 1975, when the tractor-trailer he was driving failed to negotiate a turn. Holck was rendered a quadriplegic as a result of the accident and was hospitalized in VA hospitals, until December 16, 1977 when he was transferred from the VA hospital in Albuquerque, New Mexico to a private nursing home in the same city.

In preparation for Holck's trial, which was scheduled for February, 1978, third-party defendant Martin requested VA District Counsel in Philadelphia to transfer Holck to Philadelphia to testify at his trial. On February 24, 1978, Holck was transferred by a private air ambulance service in a fifteen hour flight during which he allegedly received inadequate care. He was ill upon his arrival in Philadelphia, and his condition worsened until he finally died on March 15, 1978. Due to his illness, Holck could not testify at his trial and on March 10, 1978, his case settled for $400,000. In his complaint against the United States, plaintiff asserts the compromised settlement as an element of damage arising from Holck's death.

In this action, the United States bases its claims against Ballard on two theories: (1) Ballard negligently decided to transport Holck even though his condition was precarious, and negligently provided for his care en route and (2) Ballard did not preserve Holck's testimony for trial, thus contributing to plaintiff's alleged injury—the compromise of his personal injury action due to his inability to testify. Ballard's motion asserts that neither of these purported bases of liability supports the amended third party complaint. In deciding this motion, I must view all inferences to be drawn from the underlying facts in the light most favorable to the non-moving party, and must grant summary judgment only if there is no genuine issue of material fact and judgment as a matter of law is appropriate. *Continental Insurance Co. v. Bodie*, 682 F.2d 436 at 439-40 (3d Cir., 1982). However, once Ballard, as the moving party, sustains its burden, the United States, as the non-movant must come forward with opposing evidentiary matter beyond the allegations of the complaint to show the existence of a disputed issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Applied to the undisputed facts and legal principles set forth below, these standards require granting Ballard's motion.

Federal Rule of Civil Procedure 14(a) provides, in part, that "a defending party, as a third-party plaintiff, may cause a . . . complaint to be served upon a person not a party to the action who is or may be

1. Ballard attached certain exhibits to its Motion to Dismiss which rendered the motion appropriate for summary judgment treatment. On March 19, 1982, I instructed the parties that I would so treat the motion and ordered them to submit whatever additional materials they deemed appropriate, with special emphasis upon six enumerated areas. The United States filed a motion for continuance of consideration of the summary judgment motion pursuant to Federal Rule of Civil Procedure 56(f), claiming that the information requested in my order was in Ballard's possession. I denied that motion since I found that the information should be equally available to either party.

liable to him for all or part of plaintiff's claim against him." Fed. R. Civ. P. 14(a). A third party plaintiff's claim may be asserted under this rule only when the third-party defendant's liability is derivative or secondary. A third party defendant can not be joined simply because that party may be solely liable to the plaintiff. *See Johnson & Johnson v. Leonard Kunkin,* No. 81–0126, slip op. at 1 (E.D. Pa. January 11, 1982); *Klotz v. Superior Electric Products Corp.,* 498 F.Supp. 1099 (E.D. Pa. 1980); 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1446 at 246 (1964).

■ In this case, the basis of the United States' (third-party plaintiff's) claim is either indemnity or contribution between joint tortfeasors. Impleader under Fed. R. Civ. P. 14(a) is procedural in nature and does not in itself create a right of indemnity or contribution. That right must be recognized by the applicable substantive law. *See* 3 J. Moore, *Federal Practice* ¶ 14.03[1] and cases cited therein. When the United States, as defendant in an action brought pursuant to the Federal Tort Claims Act seeks contribution or indemnity from a private person, courts have held that the law of the state where the tort occurred, in this case Pennsylvania, determines the right of contribution or indemnity. *See United States v. Arizona,* 214 F.2d 389, 391 n. 1 (9th Cir. 1954); *Lee v. Brooks,* 315 F.Supp. 729, 732 n. 14 (D. Haw. 1970); *Yost v. United States,* 212 F.Supp. 410, 412–13 (N.D. Cal. 1963). *See generally* 3 J. Moore, Federal Practice ¶ 14.29.[2]

■ Under Pennsylvania law, indemnity is limited to situations in which the liability of the defendant is alleged to be secondary or passive. The Pennsylvania Supreme Court in *Builders Supply Co. v. McCabe,* 366 Pa. 322, 77 A.2d 368 (1951) stated:

The right of *indemnity* rests upon a difference between the primary and the secondary liability of two persons each of whom is made responsible by the law to an injured party. It is a right which enures to a person who, without active fault on his own part, has been compelled, by reason of some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable.

366 Pa. at 325, 77 A.2d 368. (Emphasis in original).

■ The court then distinguished primary from secondary liability, stating that the latter rests upon imputed or constructive fault. *Id.* at 328, 77 A.2d 368. Plaintiff's complaint cannot be construed as alleging passive or secondary negligence by the United States and primary negligence on the part of Ballard. Neither are facts alleged which would establish the requisite contractual or other special relationship between the United States and Ballard. Thus, there is no legally cognizable basis for a claim for indemnity by the United States against third-party defendants.

The United States asserts, alternatively, that it is entitled to contribution from Ballard since they are joint tortfeasors, whose combined conduct caused a single injury to plaintiff—his death and the concomitant compromise of his personal injury claim.

■■ It is fundamental that a right to contribution in a tort action arises only among *joint* tortfeasors. *Lasprogata v. Qualls,* 263 Pa.Super.Ct. 174, 178 n. 2, 397 A.2d 803, 805 n. 2 (1979). A joint tortfeasor was defined by the Pennsylvania Statute

2. Whether the United States is entitled to indemnity or contribution has an obvious effect on federal fiscal policy. As a result, Professor Moore argues that the federal courts should develop a uniform federal law of contribution/indemnity to avoid the anomalous results which may occur when state law is applied. 3 J. Moore, *supra* at ¶ 14.29. Even though the matter may be a federal one, the courts which have considered the question have chosen to apply state law, relying in part on the decision of the United States Supreme Court in *United States v. Yellow Cab Co.,* 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523 (1951). In this case, the court held that the Federal Tort Claims Act permits impleader of the United States as a third-party defendant to answer a claim for contribution, as if the United States were a private individual. *Id.* at 544, 71 S.Ct. at 401. The court intimated that local substantive law would be determinative. *Id.* at 552, 71 S.Ct. at 405.

**530**

applicable at the time of Holck's death as "two or more persons jointly or severally liable in tort for the same injury to persons or property, whether or not judgment has been recovered against some or all of them." 12 P.S. § 2082 (1951) (repealed and replaced by 42 Pa.Cons.Stat.Ann. § 8322, effective June 27, 1978). In *Lasprogata v. Qualls, supra,* the Pennsylvania Superior Court defined joint tortfeasor by stating "'the parties must either act together in committing the wrong, or their acts, if independent of each other, must unite in causing a single injury.'" *Id.* at 179 n. 4, 397 A.2d 803 (quoting Black's Law Dictionary, 4th Ed. (1968) at 1661). Two persons are not acting jointly for purposes of committing a joint tort if "[t]he acts of the original wrongdoer [and the joint tortfeasor] are severable as to time, neither having the opportunity to guard against the other's acts, and each breaching a different duty owed to the injured plaintiff." *Id.* at 179, 805, 397 A.2d 803.[3]

■ Where the pleadings show separate torts, as defined above, rather than a joint tort, dismissal of the third-party action is appropriate. *Klotz v. Superior Electric Products Corp.,* 498 F.Supp. 1099 (E.D. Pa. 1980); *Martin v. United States,* 162 F.Supp. 441 (E.D. Pa. 1958).

■ The United States' claim for contribution has two facets. Count II of the Amended Third Party Complaint asserts that Ballard jointly contributed to plaintiff's injury by not preserving his testimony. Applying the standards set forth above, I find that even if Ballard's conduct is actionable, the medical malpractice alleged in plaintiff's complaint against the United States is separate and distinct from

the failure to preserve testimony alleged by the United States. These are separate and distinct causes of action committed by different persons, owing different duties to the plaintiff, at clearly severable times with neither party having the opportunity to guard against the other's acts. The outcome of the United States' claim against Ballard is not derivative of or determined by the outcome of plaintiff's claim against the United States. As such, separate and not joint torts are alleged and contribution is not appropriate. *See Mallesky v. Stevens,* 427 Pa. 352, 235 A.2d 154 (1967) and *Rodich v. Rodich,* 421 Pa. 154, 218 A.2d 816 (1966) (separate auto crashes occurring within minutes of each other causing same injuries to plaintiff not joint torts). *See also: Klotz v. Superior Electric Products Corp.,* 498 F.Supp. 1099 (E.D. Pa. 1980); *Martin v. United States,* 162 F.Supp. 441 (E.D. Pa. 1958).

■ The second facet of the contribution claim is asserted in Count I of the Amended Third Party Complaint, which alleges that Ballard acted jointly in causing plaintiff's death when it made the decision to transport plaintiff to Philadelphia. The United States asserts that this decision amounted to an assumption of duty to assure that Mr. Holck was fit to travel and that proper facilities for travel were available.

Even assuming such a duty exists, the undisputed facts establish that there was no breach of that duty. Allegedly, Ballard negligently made the decision to transport Mr. Holck. However, the undisputed facts of record indicate otherwise. Martin's uncontradicted affidavit states that Ballard secured the approval of Mr. Holck's physician, Dr. Lassetter before Mr. Holck was

**3.** The United States asserts that the *Lasprogata* rule has been discredited by subsequent case law in Pennsylvania and by two Third Circuit opinions, *Duckworth v. Ford Motor Co.,* 320 F.2d 130 (3d Cir. 1963) (allowing contribution between manufacturer and dealer) and *Chamberlain v. Carborundum Co.,* 485 F.2d 31 (3d Cir. 1973) (allowing contribution between manufacturer and employer sued under both § 402A and negligence principles for injuries to employee caused by defective machinery.) Since the latter two opinions precede *Lasproga-* *ta,* I do not find the United States' position persuasive with regard to these cases. Similarly, I do not find that the Pennsylvania case law cited by plaintiff detracts from *Lasprogata.* For example, *Embrey v. Borough of West Mifflin,* 257 Pa.Super.Ct. 168, 390 A.2d 765 (1978) is inapposite as it concerns apportionment between two active tortfeasors and not contribution among joint tortfeasors. Moreover, *Lasprogata* has recently been adopted by the Pennsylvania Superior Court in *Voyles v. Corwin,* 295 Pa.Super.Ct. 126, 441 A.2d 381 (1982).

transported. Dr. Lassetter certified him fit to travel to Philadelphia in order to testify at his trial. Ballard then reported this advice to Mr. and Mrs. Holck. There is no contention that Ballard inaccurately reported Dr. Lassetter's advice, or that it purported to give medical advice of its own. Rather, the United States claims that Ballard should have relied on the medical opinions of decedent's treating psychiatrist and physician at the Veteran's Hospital, who had concluded, respectively, that Mr. Holck could not cooperate in any legal proceeding and that he was not stable enough for a transfer to testify at trial.

However, these opinions were rendered in November and December, 1977 while decedent was still under care at the VA hospital. In February, 1978, when the decision to transport him was made, the parties agree that decedent was a patient at the Ridgecrest Manor Nursing Home under the care of Dr. Lassetter. Since Ballard undeniably secured his approval, prior to transporting Holck, I find as a matter of fact and law that Ballard acted properly insofar as it was instrumental in the decision to transport Holck.

The United States further asserts that a factual issue exists as to whether Ballard was negligent in failing to have certain tests performed to ensure Holck's fitness for travel. It is undisputed that these tests were not performed. The dispute arises as to whether third-party defendants are legally responsible for their non-performance. Even if third-party defendants arguably had a duty to perform their "undertaking" properly with regard to Holck's transportation, that duty was satisfied by obtaining the advance approval of his personal physician. There is no allegation that Ballard knew or should have known that Dr. Lassetter's opinion was medically unsound. Ballard simply relied upon the advice of Holck's personal physician. Under these circumstances, it is patently unfair to impose upon counsel a duty to override or second-guess the advice of their client's treating physician.

As to the allegation that Ballard was negligent in arranging for Holck's transportation, I also find summary judgment appropriate. First, the affidavit of Linda S. Martin flatly states that Ballard did not arrange for his transportation, but that arrangements were made and paid for by the VA hospital. The United States has submitted affidavits which do not contradict this essential fact. Instead, the United States asserts that while the VA paid for the transportation, VA representatives do not recall arranging for Holck's travel and care beyond making payment and ensuring that proper facilities were available for him on his arrival. These statements do not dispute the essential fact that Ballard did not make the arrangements in question.

Moreover, even if Ballard played a part in arranging for Holck's transportation, that would not, of itself, make its conduct actionable. Missing from the United States' complaint is any allegation that Ballard knew or should have known that the air ambulance service which transported decedent lacked adequate facilities or was known to provide inadequate services in cases such as this. Nor is there an allegation that the ambulance service acted as agents for Ballard. Absent such allegations, there is no basis, as a matter of law, upon which Ballard can be liable for the negligence of the ambulance service while en route to Philadelphia.

Thus, as a matter of fact and law, there is no basis upon which to hold Ballard liable on either an indemnity or contribution theory, and summary judgment is granted in favor of third-party defendants and against third-party plaintiff.

An appropriate order follows.