**Mauricio CANJURA, et al., Plaintiffs,**

v.

**ABLE SERVICE CONTRACTORS, INC., et al., Defendants.**

**ABLE SERVICE CONTRACTORS, INC., et al., Cross–Plaintiffs,**

v.

**ARO TWO, INC., et al., Cross–Defendants.**

**Civ. No. Y–93–1208.**

United States District Court, D. Maryland.

Oct. 28, 1994.

---

Richard T. Sampson, Dominick M. Valencia, Jr., and David J. Shaffer, Baltimore, MD, for cross-plaintiffs Able Service Contractors, Inc., Jose Barahona, and Edgardo Barrera.

Dale B. Garbutt, Kevin C. McCormick, Baltimore, MD, David Barmak, and Matthew P. Maloney, Washington, DC, for cross-defendants Aro Two, Inc. and Temporary Resources, Inc.

## MEMORANDUM OPINION

JOSEPH H. YOUNG, Senior District Judge.

In March, 1993, the plaintiffs filed suit against Able Services Contractors, Inc.

("Able"), Jose Barahona, Edgardo Barrera, Aro Two, Inc., and Temporary Resources, Inc. ("TR").[1] Able, Barahona, and Barrera (the cross-plaintiffs) settled with the plaintiffs and all claims against the cross-plaintiffs were dismissed. The cross-plaintiffs also settled claims with the Department of Labor ("DOL") for violations similar to those alleged in the complaint. Subsequently, the cross-plaintiffs filed a cross-claim against Aro Two, Inc. and TR (the cross-defendants) alleging that they were entitled to contribution and/or indemnification for the settlement amounts and associated costs and that the cross-defendants negligently performed their contractual duties. The cross-plaintiffs seek partial summary judgment on the contribution claim and the cross-defendants have filed for summary judgment on all counts.

The primary allegation made by both the plaintiffs and the DOL was that Able violated certain provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Able allegedly sought to avoid the requirements of 29 U.S.C. § 207(a)(1), which provides that an employer must pay one and one-half times the normal rate of pay for hours worked in excess of forty hours per week.

The plaintiffs were employees of Able, a janitorial and cleaning services firm run by Barahona, Barrera, and Buddy Erdman. On June 20, 1990, Able and TR entered into a payrolling agreement,[2] under which Able employees frequently worked in excess of forty hours per week while being paid at normal, or below normal, wages for the excess hours.

Able is alleged to have used a dual payroll system in an effort to avoid the applicable FLSA standards. Employees were paid by Able for the first forty hours worked in a given week and then paid by TR at the same rate for additional hours worked. Although paid by two different companies, it is alleged that the employees were at all times supervised by, and otherwise identified with, Able.

The cross-defendants and cross-plaintiffs describe their relationship and the nature of this dual payrolling scheme very differently. The cross-defendants argue that their role was defined by the agreement signed between the parties.[3] Able was to provide the necessary employee information, e.g. hours worked, salary, etc., to TR and TR would then pay Able's employees. TR claims that it had no knowledge that the information it received from Able concerning the number of hours worked by employees was not fully inclusive, and asserts that it was an unknowing participant in the alleged scheme.

Able alleges that TR knew everything and that it relied in good faith on TR's professional experience.[4] Able allowed its employees to work extra time when they asked to do so but could not afford to pay them for overtime as required by law. Able claims that it was induced to adopt the dual payroll system by the representations by TR that such a system would be legal. Able and TR were partners in what Able states it believed was a lawful effort to avoid the requirements of the FLSA by creating a secondary employer for the plaintiffs when their hours exceeded forty hours per week.

▮ Both parties now seek summary judgment, and thus each must show that no, "reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party bears the initial burden of showing that there is no evidence to support the non-moving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). If this burden is met, the non-moving party must go beyond the pleadings to show that there is evidence upon which a jury could base a decision for that party. Anderson v. Liberty Lobby, 477 U.S.

---

1. Aro Two, Inc. does business as TR.

2. The agreement, signed by Cordy Galligan of TR and Erdman of Able, provided for bi-weekly payrolling services by TR for Able at a rate of 18% over cost. Payrolling, as described by TR, is a contract service analogous to those performed by a typical in-house payroll department.

3. TR bases its claims largely on the deposition of Galligan and the text of the agreement itself.

4. Able's position is supported by a deposition of Barahona, who participated in the negotiations between Able and TR.

at 252, 106 S.Ct. at 2512. All justifiable inferences are to be drawn in favor of the non-moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970).

■ The issue of summary judgment for each of the three counts must thus be considered against the backdrop of the conflicting evidence. First, the cross-defendants assert that the cross-plaintiffs are not entitled to indemnification and that the right to indemnification results from the relationship of multiple wrongdoers to each other, not from their relationship to the injured party. Indemnification is appropriate if there is a legal relationship mandating it, e.g. contract or respondeat superior, or when one party's role is so passive or secondary that it would be inequitable to require that party to sustain any of the burden of judgment. *See, Pyramid Condominium v. Morgan,* 606 F.Supp. 592, 595–96 (D.Md.1985). TR has no obvious contractual or other formal legal obligation to indemnify Able, requiring the cross-plaintiffs to prove that it would be inequitable for TR not to pay the entire cost of the settlements.

■ The cross-defendants argue that it is readily apparent that the cross-plaintiffs were actively involved in illegal activity. The cross-plaintiffs respond that, but for TR's representations as to what could and could not be done, Able would not have entered into the agreement, while conceding that indemnification is appropriate only if their role was "significantly different from that" of TR. Even as defined by the cross-plaintiffs, however, Able's role was neither significantly different nor passive and secondary. TR and Able were equal partners in the scheme whose primary beneficiary was Able. Viewed in the light most favorable to the cross-plaintiffs, the evidence does not justify shifting the burden of settlement to the cross-defendants.

■ Both parties seek summary judgment on the claim for contribution. There is

no right to contribution based on "federal common law" or Maryland law. *See, Baker, Watts & Co. v. Miles & Stockbridge,* 876 F.2d 1101, 1106 (4th Cir.1989); *Montgomery County v. Valk Manufacturing Company,* 317 Md. 185, 190, 562 A.2d 1246 (1989). Nor is there reference to a right to contribution in the FLSA or its regulations, and the courts have strongly cautioned against finding an implied right to contribution when the controlling statute is silent. *See, Baker, Watts & Co. v. Miles & Stockbridge,* 876 F.2d at 1105. The cross-plaintiffs' argument that the parties were jointly and severally liable is not persuasive, as the Supreme Court has held that joint and several liability does not imply a right to contribution. *See, Texas Industries v. Radcliff Materials,* 451 U.S. 630, 646, 101 S.Ct. 2061, 2069, 68 L.Ed.2d 500 (1980).

In response, the cross-plaintiffs cite *Maldonado v. Lucca,* 636 F.Supp. 621 (D.N.J. 1986), which suggested a right to contribution pursuant to the FLSA. The actual holding, however, does not contradict the great weight of precedent against such a right. The court does note that the defendants in that case, "as in other civil cases ... may well have a cause of action for contribution or indemnification," *Id.* at 627–28. Nonetheless, the court's remark does not specifically apply to the rights of the parties under the FLSA and the court never reached the issue of the availability of contribution.

Moreover, the remedial purpose of the FLSA, i.e. to protect employees, would not be furthered by reading into the statute a right to contribution. There is no compelling justification for the Court to ignore the appellate court's admonition against finding such implied rights. Contribution is not available under the FLSA.

■ Finally, the cross-defendants seek summary judgment on the negligence claim,[5] arguing that the totality of the duties owed to Able by TR were set out in the parties'

---

5. The cross-defendants assert that the negligence claim should be barred because of contributory negligence, but the cross-plaintiffs' claim for negligence is not derivative. The cross-defendants do not argue that TR should be forced to pay because it was also negligent to the plaintiffs, but rather assert that TR was negligent in its performance of its contractual duties. Thus, for example, it was potentially negligent for TR, as a provider of payrolling services, to fail to inform Able that its scheme was illegal.

agreement and that any failure to pay overtime wages resulted from Able's failure to set forth hours worked and not from TR's negligence.

Able responds that the fundamental purpose of the agreement was to allow it to avoid the requirements of the FLSA and that TR knew the nature of the scheme. The cross-plaintiffs make essentially the same argument for negligence that they make for indemnification—that they relied upon TR for payrolling practices. If Able's version of the story is proved, TR may have failed to fulfill its burden of reasonable care to TR in its contractual dealings. Alternatively, if the cross-defendants' version is proved, TR was an innocent party to Able's dealings and there would be no negligence. Summary judgment is therefore denied as to the negligence claim.