**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CHOICE HOTELS INTERNATIONAL,
INCORPORATED,
<u>Plaintiff-Appellee,</u>

v.                                                                          No. 95-2592

PALM-AIRE OCEANSIDE,
INCORPORATED,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Deborah K. Chasanow, District Judge.
(CA-91-16-DKC)

Argued: June 3, 1996

Decided: August 30, 1996

Before WILKINSON, Chief Judge, and NIEMEYER and
HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Arthur Jay England, Jr., GREENBERG, TRAURIG,
HOFFMAN, LIPOFF, ROSEN & QUENTEL, P.A., Miami, Florida,
for Appellant. Harry Martin Rifkin, LEVIN & GANN, P.A., Balti-
more, Maryland, for Appellee. **ON BRIEF:** Joel D. Adler, R. Scott
Newman, MARLOW, CONNELL, VALERIUS, ABRAMS, LOWE

& ADLER, Miami, Florida; Ronald W. Fuchs, Michael A. Stover, ECCLESTON & WOLF, Baltimore, Maryland, for Appellant.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This appeal presents the sole question of whether Palm-Aire Oceanside, Inc. is entitled to relief from a $1.4 million default judgment on the ground that the complaint did not state a valid cause of action. The district court rejected the argument, and we affirm.

In February 1990, two-year-old Ryan Smith, who was staying with his family at Palm-Aire's motel in Pompano Beach, Florida, fell seventy feet to the ground when a poorly maintained balcony railing gave way. Palm-Aire operated the motel as a Quality Inn under a franchise agreement with Choice Hotels International, Incorporated. Ryan Smith sued both Palm-Aire and Choice Hotels in Florida for damages. The parties settled that action, paying Smith and his family $5 million, $1.4 million of which was contributed by Choice Hotels.

After Smith filed suit in Florida, Choice Hotels amended a complaint it had previously filed against Palm-Aire in Maryland for past-due franchise fees and service charges by adding claims for indemnification against Palm-Aire for any losses sustained in the Florida litigation. Palm-Aire did not respond to the amended complaint, despite prompting from counsel for Choice Hotels. After Choice Hotels contributed $1.4 million to settlement of the Florida case, the Maryland district court entered a default judgment in favor of Choice Hotels for approximately $1.66 million, which included $1.4 million on Choice Hotels' indemnification claims. The district court subsequently denied Palm-Aire's motion for reconsideration.

2

On appeal Palm-Aire contests only that portion of the default judgment awarding Choice Hotels $1.4 million on its indemnification claims. Its sole argument is that "[t]he allegations of [Choice Hotels'] complaint, together with the documents which were attached to the amended complaint, failed to spell out a viable cause of action for indemnification under Maryland law." It contends that an appellate court may set aside a default judgment as a matter of law when the judgment is entered on an invalid cause of action. See 10 Charles A. Wright et al., Federal Practice and Procedure § 2688, at 447-48 (1983) ("[E]ven after default it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law").

While our review of the denial of relief from a default judgment is generally for abuse of discretion, see United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982), a challenge to the sufficiency of the allegations in the underlying complaint is solely a question of law that we review de novo, see, e.g., Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996) (reviewing Fed. R. Civ. P. 12(b)(6) dismissal). When reviewing a complaint to determine whether it states a valid cause of action, we take all allegations as admitted and determine whether the plaintiff can prove any set of facts in support of its claim that would entitle it to relief. See id .; Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991), cert. denied, 503 U.S. 936 (1992). In light of federal pleading requirements, see Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement" of claims showing the pleader is entitled to relief); Fed. R. Civ. P. 8(e)(1) (requiring that pleadings be "simple, concise, and direct"), we read pleadings liberally in favor of the plaintiff. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Choice Hotels' complaint for indemnification alleges that a franchise agreement, a copy of which was attached to the complaint, controls the relationship between Choice Hotels and Palm-Aire. The complaint describes the accident in which Ryan Smith was injured and alleges that Smith and his family sued Choice Hotels in Florida. Choice Hotels also attached a copy of Smith's complaint. Finally, Choice Hotels' complaint alleges Palm-Aire's negligence and demands indemnification under the terms of the franchise agreement and under Maryland common law. In alleging Palm-Aire's negligence, Choice Hotels states that Palm-Aire failed to operate and

3

maintain the motel in a manner that did not present a danger to the public and that Palm-Aire's negligence caused Ryan Smith's injuries.

Palm-Aire argues that Choice Hotels' complaint fails to state a cause of action based on the franchise agreement because it fails to allege that "Palm-Aire was the sole proximate cause of Ryan Smith's injuries." The indemnity clause in the franchise agreement provides that Palm-Aire will indemnify Choice Hotels for all costs and expenses arising in connection with Palm-Aire's motel "except where such loss, costs, damage expense or liability is proximately caused by negligence of [Choice Hotels]." Palm-Aire also argues that the complaint fails to state a cause of action under the common law because it fails to allege, as required, that Choice Hotels was only passively negligent. See Pyramid Condominium Ass'n v. Morgan, 606 F. Supp. 592, 596 (D.Md. 1985).

We believe Palm-Aire's reading of Choice Hotels' complaint fails to allow the breadth of interpretation required by federal pleading rules. Read in accordance with the required liberal standard of interpretation and taken in a light most favorable to Choice Hotels, the complaint describes a franchise relationship under which Palm-Aire owned and operated a motel as a Quality Inn, using Choice Hotels' trademarks, marketing, and reservation systems. Choice Hotels, however, was not the operator of the motel and did not have agents participating in the day-to-day operations and management. The relationship was not unlike typical franchisor-franchisee relationships.

Ryan Smith was injured by a defectively maintained balcony railing that had apparently rotted or rusted, and responsibility for its maintenance clearly rested on the property owner. While the franchise agreement entitled Choice Hotels to inspect the motel to preserve the reputation of its trademarks, it did not alter the primary duty that Palm-Aire owed to its guests.

Considering Choice Hotels' common law indemnity claim, we conclude that even though Choice Hotels' complaint does not allege that Choice Hotels was without negligence, it surely implies that Choice Hotels' negligence was at most passive, arising if at all, by reason of its role as franchisor. Having declined to challenge any of Choice

4

Hotels' factual allegations, Palm-Aire cannot now urge that we presume a factual scenario that better advances its position.

We affirm the judgment of the district court.

<u>AFFIRMED</u>