151 F.3d 1129
 98 Cal. Daily Op. Serv. 6272, 98 Daily Journal
D.A.R. 8674
Bruce DOHERTY, an individual, and dba The Menlo Club,
Third-party-plaintiff-Appellant,
v.
WIRELESS BROADCASTING SYSTEMS OF SACRAMENTO, INC., a
California corporation dba Pacific West Coast
Cable Television, Third-party-defendant-Appellee.
 No. 97-16046.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted May 12, 1998.
Memorandum Decided July 1, 1998.
Order and Opinion Decided Aug. 11, 1998.
 
 Victor Waid, Law Office of Victor Waid, Sacramento, CA, for third-party-plaintiff-appellant.
 Sandra Sava, Jones & Dyer, Sacramento, CA, for third-party-defendant-appellee.
 Appeal from the United States District Court for the Eastern District of California William B. Shubb, District Judge, Presiding.
 Before: LAY,* KOZINSKI, and T.G. NELSON, Circuit Judges.
 ORDER
 LAY, Circuit Judge:
 
 
 1
 The memorandum disposition filed July 1, 1998, is redesignated as an authored opinion by Judge Lay.
 
 OPINION
 
 2
 Event Entertainment, Inc. ("Event") and Don King Productions/KingVision ("King") brought suit against Bruce Doherty for violations of 47 U.S.C. § 553, enacted as part of the Cable Communications Policy Act of 1984, 47 U.S.C. § 605, enacted as part of the Communications Act of 1934 (collectively, the "Act"), as well as state law claims for conversion and intentional interference with prospective economic advantage. In each case, Doherty filed a third-party complaint against Wireless Broadcasting Systems of Sacramento, Inc., d/b/a Pacific West Cable Television ("Pacific") for indemnity and contribution, alleging claims of implied contractual liability and negligence.
 
 
 3
 Doherty consented to entry of judgment against him on the federal claims in the amount of $8,000 and Event and King agreed to dismiss the state claims with prejudice. On the indemnity claim, the district court granted summary judgment in favor of Pacific, finding that, as a matter of law, no right to indemnity exists for violations of the Act or for the intentional state law claims. Doherty appeals the grant of summary judgment.
 
 
 4
 Pacific then filed a motion for attorneys' fees seeking reimbursement in the amount of $52,675.00. The district court granted the motion, but reduced the fee award to $10,987.50 because it determined the legal issue raised by this case could have been decided by a motion to dismiss, motion for judgment on the pleadings or an early motion for summary judgment, and discovery was therefore unnecessary. Pacific urges the district court's reduction of the attorneys' fee award was unjustified.
 
 I. Right to Indemnification
 
 5
 In his complaint, Doherty asserted both federal and state claims to indemnification. On appeal, we need only address Doherty's claim of a federal right to indemnification under the Federal Communication Act.
 
 
 6
 A defendant held liable under a federal statute has a right to indemnification or contribution from another only if such right arises: (1) through the affirmative creation of a right of action by Congress, either expressly or implicitly, or (2) under the federal common law. Texas Industries, Inc. v. Radcliff Materials, Inc., 451 U.S. 630, 638, 101 S.Ct. 2061, 68 L.Ed.2d 500 (1981); Northwest Airlines, Inc. v. Transport Workers Union of America, 451 U.S. 77, 90, 101 S.Ct. 1571, 67 L.Ed.2d 750 (1981); Mortgages, Inc. v. United States Dist. Court for Dist. of Nev., 934 F.2d 209, 212 (9th Cir.1991). "Factors relevant to this inquiry are the language of the statute itself, its legislative history, the underlying purpose and structure of the statutory scheme, and the likelihood that Congress intended to supersede or to supplement existing state remedies." Northwest Airlines, 451 U.S. at 91, 101 S.Ct. 1571. Where Congress has enacted a comprehensive legislative scheme, there is a strong presumption that Congress did not intend the courts to supplement the statutory remedies. Mortgages, 934 F.2d at 213.
 
 
 7
 Doherty points to no support in the Act or legislative history suggesting that Congress intended to create a right to indemnification for violations of the Act. The explicit language of Sections 553 and 605 do not provide any right to indemnification or contribution. There is no indication in the legislative history that Congress intended to grant violators of Section 553 or Section 605 a right to indemnification. Finally, we find that the remedies set forth in the Act are comprehensive. The remedial provisions in both Sections 553 and 605 take into consideration the degree of the violator's culpability and provide for reduced damages in those instances where the violator was unaware of the violation.[1] There is no indication in the structure of the remedial provisions that Congress intended a violator to have a right to indemnity.
 
 
 8
 We also conclude that this is not an appropriate case for the federal courts to recognize a federal common law right. The creation of a right under federal common law is appropriate only where there are unique federal interests at stake. Texas Industries, 451 U.S. at 640, 101 S.Ct. 2061; Mortgages, 934 F.2d at 213. There are no such unique federal interests involved in this case. We therefore affirm the grant of summary judgment in favor of Pacific.
 
 II. Reduction of Attorneys' Fee Award
 
 9
 The district court granted Pacific's motion for attorneys' fees, but reduced the award to $10,987.50. The district court's award of attorneys' fees is discretionary; this court reviews such an award under an abuse of discretion standard. See Velarde v. PACE Membership Warehouse, Inc., 105 F.3d 1313, 1318 (9th Cir.1997). The district court concluded that Pacific did not need to undertake discovery because the issue in this case involved a purely legal question. Pacific argues that, because the legal issue is one of first impression, it had to file a motion for summary judgment rather than a motion for judgment on the pleadings.
 
 
 10
 Pacific is the prevailing party and is entitled to an award for reasonable attorneys' fees.[2] Pacific's claim that the district court erred in reducing its fee award is not properly before us. Pacific seeks to enlarge its rights under the judgment of the district court as to the amount of attorney fees, but failed to file a separate cross appeal as is required under Fed. R.App. P. 4(a)(3).
 
 
 11
 The judgment of dismissal and the award of attorneys' fees are hereby AFFIRMED.
 
 
 
 *
 Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 [1]
 See 47 U.S.C. § 553(c)(3)(C) (1994); id. § 605(e)(3)(C)(iii)
 
 
 [2]
 The subscription agreement between the parties provided for attorney fees to be awarded to the prevailing party