George H. **FOULKE**, Kathleen Foulke, Plaintiffs,

v.

Gerald J. **DUGAN**, Esquire, Dugan, Brinkmann, Maginnis and Pace, Defendants.

No. 00–CV–5300.

United States District Court, E.D. Pennsylvania.

Nov. 6, 2002.

Edward J. Ross, Randy P. Catalano, West-mont, NJ, for plaintiffs.

Eric A. Weiss, Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, PA, for defendants.

### Memorandum and Order

ANITA B. BRODY, District Judge.

### Factual and Procedural Background [1]

On February 20, 1996, George Foulke was injured while making a delivery to the Budd Company's ("Budd") Philadelphia Plant. Foulke claims he was assaulted by Cornelius Vinson, an employee of Budd. On January 19, 1998, Foulke hired a lawyer, Gerald Dugan, to file suit against Budd for negligence.

---

**1.** When considering a Rule 12(b)(6) motion, the court accepts as true all the allegations set forth in the complaint, and the court must draw all reasonable inferences in the plaintiff's favor. *Ford v. Schering–Plough Corp.,* 145 F.3d 601, 604 (3d Cir.1998); *see also Schrob v. Catterson,* 948 F.2d 1402, 1405 (3d Cir.1991).

On January 22, 1998, one month before the two-year statute of limitations ran, Dugan filed a Praecipe to Issue a Writ of Summons in the Court of Common Pleas of Philadelphia County in order to toll the statute while he investigated Foulke's claims. In connection with this investigation, Dugan issued a Request for Production of Documents to Budd for the production of Vinson's complete personnel file and Budd's complete investigation file regarding the 1996 incident. Budd's counsel at that time, David White, made these files available and Dugan reviewed them. Dugan reviewed the files and determined that they contained no evidence that would have put Budd on notice of Vinson's potential for violence. Dugan notified Foulke that there was no basis to pursue the claim. On May 11, 1998, Dugan filed an Order to Settle, Discontinue and End the claims against Budd and Vinson. Two years later, on September 1, 2000, Foulke filed this current claim against his former attorney, Dugan, for legal malpractice.

In this case brought by George Foulke and his wife Kathleen Foulke ("Foulke") against their former attorney, Gerald Dugan, and the firm Dugan, Brinkman, Maginnis and Pace ("defendants" or "Dugan")[2], Foulke alleges that Dugan improperly dismissed the lawsuit against Budd and Vinson that he commenced on behalf of Foulke. The case was originally filed in two separate, but identical state court actions, one in Pennsylvania and one in New Jersey. The defendants then removed to federal court on the basis of diversity, and one action was pending in the District of New Jersey and the other in the Eastern District of Pennsylvania. Foulke subsequently filed a motion for remand to the state court in the Pennsylvania action which I denied in June 2001. After denial of that motion, the New Jersey case was transferred to this district and the two actions were consolidated on August 13, 2001. On August 29, 2001, defendants filed a motion for summary judgment, claiming that Foulke's claims were barred by the applicable statute

of limitations. The motion was denied on February 25, 2002.

In the course of discovery in this case, Dugan's counsel contacted a counsel of Budd, Richard Lemke, in an effort to locate witnesses and other information. Lemke allegedly required that Dugan promise not to sue Budd before he would provide any assistance. Dugan promised not to sue. Lemke then produced to White, Budd's counsel in the original negligence matter, a fax which contained a transcript of a disciplinary hearing involving an assault by Vinson on another employee. White then gave this document to Dugan. Dugan received the documents sometime between May 10 and May 13, 2002. Dugan then turned the documents over to Foulke. On June 3, 2002, Dugan filed a third-party action against Budd, asserting that Budd was directly liable to Foulke and seeking contribution or indemnification from Budd in the event Dugan was held liable to Foulke.

On May 28, 2002, Foulke sought leave to amend their complaint to assert claims against Budd. The motion was granted and, on June 10, 2002, Foulke filed an amended complaint asserting that Budd fraudulently concealed significant evidence that was material to Foulke's claims against Budd in the original negligence suit, thereby fraudulently inducing Foulke to dismiss the state court action.[3]

On August 10, Budd filed a motion to dismiss Dugan's third-party complaint. On August 12, Budd filed a motion to dismiss Counts IV,V, VI, VII, and VIII of Foulke's amended complaint. These motions are before me now.

### Budd's Motion to Dismiss Counts IV–VIII of Foulke's Amended Complaint

Counts IV and VIII of Foulke's amended complaint against Budd allege (1) Budd fraudulently concealed documents material to Foulke's original state court action against Budd and (2) Budd fraudulently induced Foulke to dismiss that state court action.[4]

---

**2.** Plaintiff's suit also asserts claims against John Doe 1–5.

**3.** Budd never challenged the method of service by Foulke.

**4.** Both claims are legally cognizable causes of action under Pennsylvania law. Liability for fraudulent concealment exists if the defendant prevents the plaintiff from making an investiga-

In Counts V, VI and VII, Foulke reiterates their original state court action against Budd, alleging that Budd was negligent in its supervision of its employee Cornelius Vinson causing them injury. Budd seeks dismissal of Counts IV–VIII of Foulke's amended complaint on three grounds: (1) joinder by Foulke was improper and untimely; (2) judicial efficiency and the principles of comity and abstention militate against joinder; and (3) Foulke failed to state a claim for which relief can be granted under Fed.R.Civ.P. 12(b)(6). Budd makes three arguments for dismissal of Foulke's amended complaint pursuant to Rule 12(b)(6): (a) Foulke's underlying personal injury claims are barred by the statute of limitations; (b) Foulke's underlying personal injury claims are barred by res judicata; and (c) Foulke's failure to plead fraud with the requisite specificity [5] and failure to state a claim for fraudulent concealment and fraudulent inducement. I will deny the motion based upon joinder and will deny, without prejudice, the motion based upon efficiency, comity and abstention as well as failure to state a claim.

■ Budd contends that its joinder as a party in Foulke's Amended Complaint was untimely because Budd was not joined until June 2002, eighteen months after this action commenced. There is, however, no issue of timeliness relative to Foulke's Motion for Leave to File an Amended Complaint. A party may amend its pleading "once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calender, the party may amend it at any time within 20 days after it is served." Fed.R.Civ.P. 15(a). Once the party's automatic right to amend a pleading has lapsed,

pursuant to Fed.R.Civ.P. 15(a), a party may amend its pleading, at any time, by leave of the court. Leave to amend shall be freely given when the interests of justice so require. Fed.R.Civ.P. 15(a). In this case, in light of the alleged fraud, I found the interests of justice required that Foulke's motion for leave to amend be granted.

■ Budd also argues that the Foulke's claims against Budd were improperly joined under Fed.R.Civ.P. 20. Under Rule 20,

[a]ll persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or the alternative, any right to relief in respect of or arising out of the same transaction, occurrence or series of transactions or occurrences and if any questions of law or fact common to all defendants will arise in the action. Fed.R.Civ.P. 20.

Foulke's claims against Dugan and those against Budd arise from the same transaction or occurrence, namely, the discontinuance of Foulke's prior state court action against Budd and the various reasons for that discontinuance. Common questions of law and fact thread through both Foulke's claims against Dugan and Foulke's claims against Budd. In order to succeed on their claims of malpractice, Foulke must prove a "case within a case". That is, the elements of Foulke's case against Dugan are that Dugan was negligent and that, but for Dugan's actions, Foulke would have prevailed in their underlying case against Budd. Thus, in both claims Foulke must establish that they prevail over Budd in its underlying negligence claim. Also, Dugan contends that it was not his action, but rather Budd's fraudulent concealment, that was the proximate cause of Foulke's injury. While the facts necessary to show legal malpractice and fraudulent con-

---

tion he or she would have otherwise made. *See Sewak v. Lockhart,* 699 A.2d 755(Pa.Super.1997). Fraud may induce a person to assent to something which he would not otherwise have done. *See generally, Myers v. Rubin,* 399 Pa. 363, 160 A.2d 559 (1960); *Bower v. Fenn,* 90 Pa. 359, 35 Am. R. 662 (1879). Under Pennsylvania law, where a party is induced to enter into a transaction by means of fraud or material misrepresentation, such a transaction can be avoided by the innocent party. *See, Clement Martin, Inc. v. Gussey,* 191 Pa.Super. 464, 157 A.2d 412 (1959).

**5.** Rule 9(b) states that the party averring fraud must plead fraud with particularity. Fed. R. Civ. P 9(b). Simply stated, the plaintiff must provide the defendant adequate notice of "'the who, what, when, where, and how.'" *In re Advanta Corp. Sec. Litig.,* 180 F.3d 525, 534 (3d. Cir.1999) (citing *DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir.1990)).

cealment are distinct, whether Budd withheld material documents that affected Foulke's ability to litigate that prior action is undoubtedly a question of fact common to the case against both defendants.

The common question that exists in both claims is "Did Budd fraudulently conceal documents material to Foulke's state court action against Budd?" If Budd did conceal documents, then Foulke's claim against Dugan for malpractice might fail because Dugan might successfully claim that it dropped the suit because the claim lacked evidence, that evidence having been withheld by Budd. On the other hand, if Budd did not conceal documents, then Dugan is more likely to be liable to Foulke for discontinuing the state court action. No matter how many other questions might appear in this case, this common question is fundamental. Every instinct for procedural economy and simplicity suggests that joinder was proper. Therefore, I conclude that Foulke's joinder of Budd was proper under Fed.R.Civ.P. 20.

I will deny Budd's motion to dismiss Foulke's claims on the grounds that judicial efficiency, comity and abstention militate against joinder, finding that this argument is without merit. I will deny Budd's Rule 12(b)(6) motion to dismiss Foulke's claims for failure to plead fraud with the requisite particularity, finding that the allegations in the amended complaint satisfy the heightened pleading requirements for fraud. I will deny without prejudice the remaining grounds for Budd's Rule 12(b)(6) motion to dismiss Foulke's claims for failure to state a claim for which relief can be granted[6] because they concern questions of fact, namely whether Budd committed fraud.

### Budd's Motion to Dismiss Dugan's Third–Party Complaint

■ Dugan's third-party complaint against Budd asserts claims for contribution and indemnification. Count I of Dugan's third-party complaint also asserts that Budd, and not Dugan, is directly liable to Foulke for any injuries Foulke sustained. Budd seeks

dismissal of Dugan's third-party complaint on two grounds: (1) joinder was improper and untimely under Fed.R.Civ.P. 14 and (2) Dugan failed to state a claim for which relief can be granted under Fed.R.Civ. P. 12(b)(6). I will grant Budd's Motion to Dismiss Dugan's Third–Party Complaint on grounds of improper joinder.

Dugan improperly joined Budd as a third-party defendant under Fed.R.Civ.P. 14. Rule 14(a) authorizes a defendant to bring into a lawsuit any person "not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed. R.Civ.P. 14(a). Budd cannot be liable to Dugan for all or part of Foulke's claim against Dugan. Foulke alleges that Dugan has committed legal malpractice. There is no way that Budd can be held liable for any part of Dugan's alleged malpractice.

■ A third-party plaintiff's claim may be asserted under Rule 14(a) only when the third party's liability is "in some way dependant on the outcome of the main claim or when the third party is secondarily liable to the defendant." 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1446 (2d ed. 1990). A third party cannot be joined simply because that party may be solely liable to the plaintiff. *See Tesch v. United States*, 546 F.Supp. 526, 529 (E.D.Pa.1982); *Klotz v. Superior Electric Products Corp.*, 498 F.Supp. 1099 (E.D.Pa.1980). This is precisely what Dugan attempts to accomplish: the joinder of Budd because Budd may be solely liable to Foulke.

■ Because Budd cannot be joined on the basis that it is directly liable to Foulke, Dugan's third-party action against Budd must be for either indemnity or contribution between joint tortfeasors. Impleader under Fed.R.Civ.P. 14(a) is procedural in nature and does not in itself create a right to indemnity or contribution. Therefore, a third-party action is proper only when a right to relief

---

6. More specifically, I deny without prejudice Budd's arguments that: (a) Foulke's underlying personal injury claims are barred by the statute of limitations; (b) Foulke's underlying personal injury claims are barred by res judicata; and (c) Foulke's failure to state a claim for fraudulent concealment and fraudulent inducement.

exists under the applicable substantive law. Under Pennsylvania law, indemnity is limited to situations in which the liability of the defendant is alleged to be secondary or passive. The right of indemnity, unlike contribution, arises solely by explicit contractual agreement, or some other legal obligation between the parties which has been implicated because of a failure by the indemnitor to discover and correct a defect. The right to indemnity "enures to a person who, without active fault on his own part, has been compelled, by reason of some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable." *Builders Supply Co. v. McCabe,* 366 Pa. 322, 325, 77 A.2d 368, 368 (1951).

The common law right of indemnity is not a fault-sharing mechanism between one who was predominantly responsible for any injury and one whose negligence was relatively minor. Rather, it is a fault-shifting mechanism, operative only when a defendant who has been held liable to a plaintiff solely by operation of law, seeks to recover his loss from a defendant who was actually responsible for the action that occasioned the loss. If, however, the party seeking indemnification is actively negligent or is guilty of an independent act of negligence that also is the cause of the underlying injuries, indemnity is not available as a matter of law. *Consolidated Rail v. Youngstown Steel Door Co.,* 695 F.Supp. 1577, 1581 (E.D.Pa.1988). Foulke's complaint against Dugan cannot be construed as alleging passive or secondary negligence by Dugan and primary negligence on the part of Budd. Nor are there facts alleged that would establish the requisite contractual or special relationship between Budd and Dugan. Thus, there is no legally cognizable basis for a claim for indemnity by Dugan against Budd.

Dugan asserts, alternatively, that he is entitled to contribution from Budd because they are joint tortfeasors, whose combined conduct caused a single injury to Foulke. Under Pennsylvania substantive law, a right to contribution arises only among joint tortfeasors. *Kemper Nat'l P & C Cos. v. Smith,* 419 Pa.Super. 295, 309, 615 A.2d 372, 380 (1992). Joint tortfeasors are defined as "two or more persons jointly or severally liable in tort for the same injury to persons or property, whether or not judgment has been recovered against all or some of them." 42 Pa.C.S. § 8322. In order to be joint tortfeasors, "the parties must either act together in committing the wrong, or their acts, if independent of each other, must unite in causing a single injury." *Lasprogata v. Qualls,* 263 Pa.Super. 174, 179 n. 4, 397 A.2d 803, 806 n. 4 (1979) (quoting Black's Law Dictionary, 4th Ed. (1968) at 1661). Two persons are not acting jointly for the purposes of committing a joint tort if "the acts of the original wrongdoer [and the joint tortfeasor] are severable as to time, neither having the opportunity to guard against the other's acts, and each breaching a different duty owed to the injured plaintiff." *Id.* at 179, 397 A.2d 803, n.3.

Dugan's third-party complaint asserting a right to contribution improperly joins Budd because Budd and Dugan are not joint tortfeasors whose combined conduct caused a single injury to Foulke. Where the pleadings show separate torts, rather than a joint tort, the third-party action must be dismissed. *Klotz v. Superior Electric Products Corp.,* 498 F.Supp. 1099 (E.D.Pa.1980). Budd and Dugan are not joint tortfeasors because each breached a different duty owed to Foulke: Budd by negligently permitting a potentially violent employee to assault Foulke; Dugan by committing legal malpractice. Thus, Budd and Dugan are not united in causing a single injury. The legal malpractice alleged in Foulke's complaint against Dugan is separate and distinct from the fraud alleged by Dugan.[7] These are separate and distinct causes of action committed by different persons, owing different duties to the plaintiff, at clearly severable times. At no point did either party have the opportunity to guard against the other's acts. As such, separate, and not joint, torts are al-

---

**7.** In *Foulke v. Budd,* the alleged fraud by Budd may prevent Budd from asserting a statute of limitations defense against Foulke's negligence action. In *Foulke v. Dugan,* the alleged fraud by Budd may act as an excuse for the purported malpractice.

leged and contribution is not appropriate. Therefore, I find that joinder of Budd was improper and grant Budd's Motion to Dismiss the Third–Party Complaint.[8]

### Order

**AND NOW,** this 6th Day of November 2002 it is **ORDERED** that:

(1) Third Party Defendant Budd Company's motion to dismiss counts IV, V, VI, VII, and VIII of plaintiff's amended complaint (docket entry #27) based upon joinder is **DENIED;**

(2) Third Party Defendant Budd Company's motion to dismiss counts IV, V, VI, VII, and VIII of plaintiff's amended complaint (docket entry #27) based upon principles of comity, abstention and efficiency is **DENIED;**

(3) Third Party Defendant Budd Company's Fed.R.Civ.P. (12)(b)(6) motion to dismiss counts IV, V, VI, VII, and VIII of plaintiff's amended complaint (docket entry #27) for failure to plead fraud with the requisite particularity is **DENIED;**

(4) Third Party Defendant Budd Company's Fed.R.Civ.P. 12(b)(6) motion to dismiss counts IV, V, VI, VII, and VIII of plaintiff's amended complaint (docket entry #27), on grounds that

(a) plaintiff's underlying personal injury claims are barred by the statute of limitations;

(b) plaintiffs underlying personal injury claims are barred by res judicata; and

(c) plaintiff's failure to state a claim for fraudulent concealment and fraudulent inducement,

is **DENIED** without prejudice;

(3) Third Party Defendant Budd Company's motion to dismiss the third-party complaint by Dugan (docket entry #26) is **GRANTED.**

---

8. An issue that remains outstanding is whether, now that Budd has been joined by Foulke, Dugan is free to file a cross-claim against Budd. This issue is not before me.