Thomas M. KERR, and Barbara J. Kerr, Plaintiffs,

v.

WANDERER & WANDERER, Michael Schor, Magnus Services Inc., John R. Hawley, Metris Companies LLP, M.R.S. Associates, Rich Reese, Magnus Services, Inc., Valerie Ingram, Direct Merchants Bank, M.B.N.A. America Bank, Defendants.

No. CV–S–02–0962–LRH–PAL.

United States District Court, D. Nevada.

Dec. 31, 2002.

Thomas M. Kerr, Las Vegas, Las Vegas, pro se.

Barbara J. Kerr, Las Vegas, Las Vegas, pro se.

Matthew B. Hippler, Jeremy J. Nork, Hale, Lane, Peek, Dennison, Howard & Anderson, Reno, NV, Aileen E. Cohen, John R. Hawley, Lyles & Hawley, Las Vegas, NV, Stefan Bonfiglio, Aaron D. Lovaas, Alverson Taylor Mortensen, et al., Las Vegas, NV, Daniel McCusker, MRS Associates, Inc., Cherry Hill, NJ, Brian D. Shapiro, John P. Wanderer, Wanderer & Wanderer, Las Vegas, NV, for Defendants.

## *ORDER*

HICKS, District Judge.

This matter is before the court on the motions and responses filed by the parties in this case, to wit: Defendant Law Offices of Wanderer & Wanderer's ("Wanderer") motion to quash service of process (# 4); Plaintiffs Thomas and Barbara Kerr's ("Plaintiffs") motion to strike Wanderer's motion to quash (# 11); Plaintiffs' application for default judgment against Wanderer (# 20); Wanderer's motion to set aside entry of default (# 21); Defendant MBNA America

Bank's ("MBNA") motion to dismiss (# 16); Defendants Metris Companies, Inc., ("Metris") and Magnus Services, Inc.'s, ("Magnus") motion to quash for insufficiency of service (# 22); Plaintiffs' motion to strike Metris and Magnus' motion to quash (# 26); Metris, Magnus, and Direct Merchants Credit Card Bank's ("Direct Merchants") motion to dismiss (# 38); MBNA's motion for determination of good faith settlement (# 41); Metris and Magnus' joinder of MBNA's motion for determination of good faith settlement (# 44); Defendant John Hawley's ("Hawley") motion for summary judgment (# 43); and Plaintiffs' motion for partial summary judgment (# 49).

## I. *Factual and Procedural Background*

Plaintiffs filed a complaint (# 1) on July 18, 2002, against numerous Defendants alleging violations of both the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, and the Truth in Lending Act 15 U.S.C. § 1601 *et seq.*[1] Apparently, there is some dispute between the parties regarding an alleged debt owed by the Plaintiffs. A number of the Defendants have issued notices to the Plaintiffs, informing them of the alleged debt outstanding and their respective rights under federal law. In response, Plaintiffs contend that on numerous occasions they have requested "validation" of these debts and other information from the Defendants, but Defendants have failed to respond to their requests.

Soon after Plaintiffs filed their complaint, the parties filed numerous submissions including motions to dismiss, two summary judgment motions, and a motion for default judgment. After reviewing the memoranda, the Court makes the following disposition.

## II. *Analysis*

### A. Wanderer's motion to quash (12(b)(5) Motion to Dismiss) and Plaintiffs' motion to strike

Wanderer filed a motion to quash service of process pursuant to Fed.R.Civ.P. 12(b)(5),

on August 13, 2002. According to the initial service of process affidavit, process server Michael E. Clark attempted to serve Wanderer "by leaving copy with 'Jane Doe'... on refusal." (Wanderer Mot. Quash, Ex. 1). Plaintiffs then filed an "Amended Affidavit of Service," wherein Mr. Clark specifically states he left the summons and complaint on the counter at Wanderer after the administrative assistant refused to accept the service. (Am.Aff.Doc. # 10). Regardless of what transpired, Wanderer argues that Plaintiffs have failed to comply with Fed. R.Civ.P. 4(e) or with Nev. R. Civ. P. 4(d).[2]

Importantly, Plaintiffs did not file an objection to Wanderer's motion. Instead, Plaintiffs filed a motion to strike Wanderer's motion to quash, claiming they were never served with Wanderer's motion. However, as Wanderer points out, the Plaintiffs filed their motion to strike on August 19, 2002, just six days after Wanderer filed the motion to quash, suggesting Plaintiffs had in fact received the motion. Moreover, Wanderer filed an errata certificate of service, certifying service was made upon the Plaintiffs on August 16, 2002. Thus, service of the motion was proper and Plaintiffs' motion to strike is denied. Since Plaintiffs failed to file an opposition to Wanderer's motion to quash, it is deemed consented to pursuant to Local Rule 7–2, and the motion is granted.

### B. Wanderer's motion to set aside entry of default and Plaintiffs' motion for default judgment.

Plaintiffs requested entry of default against Wanderer on August 19, 2002. The clerk of court entered default on August 22, 2002. Subsequently, Plaintiffs filed a motion for default judgment on August 27, 2002. A few hours later, Wanderer filed a motion to set aside the entry of default, arguing that pursuant to Fed.R.Civ.P. 60, the entry of

---

**1.** While Plaintiffs continually cite 15 U.S.C. § 1691 in referring to the Truth in Lending Act, the accurate United States Code section is 15 U.S.C. § 1601 *et seq.* The Court will assume that the Plaintiffs' complaint contains claims pursuant to the Truth in Lending Act rather than the

Equal Credit Opportunity Act for purposes of this case.

**2.** Fed.R.Civ.P. 4(e)(1) allows service pursuant to state law.

default was based upon mistake or inadvertence, as Wanderer had made an appearance in the case through its motion to quash within the 20–day time period for answering the complaint. *See* Fed.R.Civ.P. 12(a)(1)(A). Specifically, Wanderer's answer was due on August 13, 2002, or 20 days after the attempted service of process on July 24, 2002. Because Wanderer filed its motion to dismiss on August 13, 2002, entry of default was inappropriate and is set aside. Accordingly, Plaintiffs request for default judgment is denied.

### C. MBNA's motion to dismiss

On November 5, 2002, Plaintiffs and MBNA filed a joint stipulation and release of MBNA. The Court signed the Order dismissing MBNA as a Defendant on November 7, 2002. As a result, MBNA's motion to dismiss is denied as moot.

### D. Metris and Magnus' motion to quash service of process (12(b)(5) Motion to Dismiss) and Plaintiffs' motion to strike

On August 28, 2002, Metris and Magnus filed a motion to quash service of process pursuant to Fed.R.Civ.P. 12(b)(5), as Plaintiffs had failed to comply with Fed.R.Civ.P. 4(h)(1), Nev. R. Civ. P. 4(d)(1) or Minn. R. Civ. P. 4.03(c). Again, instead of properly opposing the motion as required by the Federal Rules and Local Rule 7–2, Plaintiffs chose to file a motion to strike the Defendants' motion to quash on September 3, 2002.

On September 13, 2002, Plaintiffs filed a motion styled "Notice of Mootness of Motions to Quash." According to the affidavit attached to the notice, process was properly served on Metris, Magnus, and Direct Merchants by Mr. Eric M. Wyman on September 6, 2002. Due to its content, the Court will construe Plaintiffs' notice as an opposition to Metris and Magnus' motion to quash, and accordingly find that as of September 6, 2002, the motion to quash was moot and is therefore denied. Plaintiffs' motion to strike is also denied as moot.

### E. Metris, Magnus, and Direct Merchants' 12(b)(6) motion to dismiss

Metris, Magnus, and Direct Merchants filed a motion to dismiss for failure to state a claim on September 26, 2002. Defendants collectively argue (1) that Plaintiffs' complaint fails to state a claim against them under the Equal Credit Opportunity Act, 15 U.S.C. § 1691; (2) that Plaintiffs' complaint fails to state a claim against them under the Truth in Lending Act, 15 U.S.C. § 1601; and (3) that Plaintiffs' complaint fails to state a claim against them under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. The Defendants specifically challenge the FDCPA claims on the grounds that they are not "debt collectors" as defined by the FDCPA, and because Plaintiffs fail to allege that the debt in issue is a debt covered by the FDCPA.

In their opposition, Plaintiffs wholly admit that they have not stated a claim against Metris, Magnus, or Direct Merchants under either the Truth in Lending Act or the Equal Credit Opportunity Act.[3] This leaves claims based only on the FDCPA.

In considering "a motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'Ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir.1998) (citation omitted). However, the court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in plaintiff's complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir.1994). There is a strong presumption against dismissing an action for failure to state a claim. *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir.1997) (citation omitted). " 'The issue is not whether a plaintiff will ultimately prevail but whether [he] is entitled to offer evidence in support of the claims.' " *Id.* (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled*

---

**3.** Plaintiffs again confuse statutes in their opposition, calling 15 U.S.C. § 1691 the Fair Credit Reporting Act. In fact, 15 U.S.C. § 1691 is the Equal Credit Opportunity Act. Nor do Plaintiffs' assert claims under the Fair Credit Reporting Act.

*on other grounds by Harlow v. Fitzgerald,* 457 U.S. 800, 807, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). Consequently, the court should not grant a motion to dismiss "for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Hicks v. Small,* 69 F.3d 967, 969 (9th Cir. 1995).

■ The liberal rules of notice pleading set forth in the Federal Rules of Civil Procedure do not require a plaintiff to set out in detail the facts supporting his claim. See Fed.R.Civ.P. 8; *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). All that the Rules require is " 'a short and plain statement' " that adequately " 'give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.' " *Swierkiewicz,* 534 U.S. at 512, 122 S.Ct. 992 (quoting *Conley,* 355 U.S. at 47, 78 S.Ct. 99). Therefore, a plaintiff merely must plead sufficiently to "establish a basis for judgment against the defendant." *Yamaguchi v. United States Dep't of the Air Force,* 109 F.3d 1475, 1481 (9th Cir.1997) (citations omitted). Further, a claim is sufficient if it shows that the plaintiff is entitled to any relief which the court can grant, even if the complaint asserts the wrong legal theory or asks for improper relief. *See United States v. Howell,* 318 F.2d 162, 166 (9th Cir.1963).

With respect to Plaintiffs' remaining FDCRA claims, Defendants argue that they are not "debt collectors" as defined by the FDCRA. In order to assert direct liability under the FDCPA, a plaintiff must show that the defendant's actions or status rendered it a "debt collector" for purposes of the Act. *See Heintz v. Jenkins,* 514 U.S. 291, 294, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995). Debt collectors include "any person who uses any instrumentality of interstate commerce or the mails in any business the *principal purpose* of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due *another.*" 15 U.S.C. § 1692a(6) (emphasis added). Essen-

tially, Defendants argue that they are creditors, not debt collectors as "generally, the FDCPA does not apply to creditors." *Harrison v. NBD, Inc.,* 968 F.Supp. 837, 841 (E.D.N.Y.1997) (citing cases). The FDCRA is not wholly inapplicable to creditors, however, as "any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts," will also be considered a debt collector for FDCPA liability. 15 U.S.C. § 1692a(6).

■ Turning to Plaintiffs' complaint, in order to state a claim Plaintiffs have to allege either (1) that the principal purpose of the Defendants' businesses is the collection of debts, (2) that the Defendants regularly collect debts on behalf of others, or (3) that if the Defendants are creditors, they are using a name other than their own indicating to the Plaintiffs that a third person is collecting the debts. Plaintiffs have not explicitly alleged any of the above possibilities in their complaint. The Court is aware, however, that the Plaintiffs are appearing pro se, and while the complaint must be liberally construed, *Ghazali v. Moran,* 46 F.3d 52, 54 (9th Cir. 1995), a pro se's party status does not relieve the party of the burden of alleging sufficient facts on which a recognized legal claim could be based. *See Riddle v. Mondragon,* 83 F.3d 1197, 1202 (10th Cir.1996). Bald assertions and conclusions of law will not suffice. *See Leeds v. Meltz,* 85 F.3d 51, 53 (2d Cir.1996) (citations omitted).

■ As to Defendant Magnus, Plaintiffs' complaint clearly states that MBNA sold Plaintiffs' account to Magnus. (Compl.¶ 14). This would make Magnus a creditor and thus, to hold it liable, Plaintiffs' must allege that Magnus used a name other than its own indicating to the Plaintiffs that a third person was collecting the debts. Plaintiffs have satisfied this requirement by alleging that "Defendant M.R.S. Associates Inc. (actually Magnus Services Inc.) while posing as a different debt collections entity (whom validation demands had been previously sent by the Plaintiff which had gone unanswered) demanded payments of Plaintiff." (Compl.¶ 23). Here, Plaintiffs are alleging

that Magnus used a name-M.R.S. Associates Inc.-obviously different than its own to collect its debts. Accordingly, Plaintiff has asserted that Magnus is a debt collector under the auspices of the FDCPA.

The sufficiency of Plaintiffs' complaint as it relates to Metris and Direct Merchants' on the other hand, is somewhat less clear. While Plaintiff does not make any of the explicit allegations necessary to render Metris or Direct Merchants debt collectors under the FDCPA, Plaintiff does make a number of factual allegations with respect to both Metris and Direct Merchants that must be liberally construed by the Court.

■ First, with respect to Direct Merchants, Plaintiffs in conclusory fashion state that Direct Merchants is a debt collection entity. (Compl.¶ 4). On its own, this statement is not sufficient to state a claim against Direct Merchants. However, Plaintiff further states that "MBNA and or Defendant Direct Merchants Bank and or Defendant Magnus Services Inc., had colluded and conspired to proceed onward without validation of the alleged debt to attempt debt collection demands from Plaintiff through Defendant M.R.S. Associates, Inc. . . ." (Compl.¶ 22). This would suggest that instead of being a debt collection entity, Direct Merchants was a creditor and used the alternate name of M.R.S. Associates Inc., indicating that a third person was collecting the debt. To confuse the matter more, Plaintiffs contend that Direct Merchants, through its agent Valerie Ingram, made a written debt collection demand upon the Plaintiffs, thereby suggesting that Direct Merchants was not using M.R.S. Associates to collect its debts. (Compl.¶ 8).

If the Court was to construe Plaintiffs' allegations against Direct Merchants as claiming it was a debt collection entity, Plaintiffs' complaint would be entirely insufficient, as it fails to state that debt collection is the principal purpose of Direct Merchants business or that Direct Merchants regularly collect debts on behalf of others. On the other hand, if the Court construes the language in paragraph 22 as a factual allegation that Direct Merchants was a creditor and used M.R.S. Associates in the same fashion that Magnus used M.R.S. Associates, the Court

would be constrained to find that the Plaintiffs state a viable claim against Direct Merchants. Again, considering Plaintiffs' pro se status, the Court will construe the allegations in the latter form, and find that Plaintiffs sufficiently allege that Direct Merchants is a debt collector for purposes of FDCRA liability.

Turning to Metris, the Court finds that Plaintiffs' complaint does not allege sufficient facts to hold Metris liable as a debt collector. While the complaint does in a conclusory fashion refer to Metris as a debt collection entity, (Compl.¶ 4), it does not specifically allege that Metris' principal purpose is debt collection, or that Metris regularly engages in debt collection for others. Nor does the complaint allege that Metris is a creditor who used an alternate name in conducting its debt collection practices. Plaintiffs' complaint is simply too vague and conclusory to sufficiently state a claim against Metris. Thus, Plaintiffs' complaint is dismissed *without* prejudice as against Metris. The Court, however, grants Plaintiffs leave to amend their complaint to conform to the requirements of the FDCPA. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.2000). Plaintiffs have 10 days from the entry of this order to amend their complaint. If Plaintiffs fail to do so, the complaint will be dismissed as to Metris *with* prejudice.

Finally, the Defendants argue that Plaintiffs have not properly alleged that the debt at issue is covered under the FDCPA. Again, the Plaintiffs have failed to explicitly allege the facts necessary to base a claim on the FDCPA. However, the Court in construing Plaintiffs' complaint liberally, finds that the complaint can be reasonably interpreted as referring to a personal credit transaction, which would be covered under the FDCPA. Clearly, in this case, a dispute exists between the credit issuer and the Plaintiff consumers.

### F. Hawley's motion for summary judgment and Plaintiffs' motion for partial summary judgment

■ Defendant Hawley filed a motion for summary judgment on October 7, 2002,

claiming both that Plaintiff cannot demonstrate that Hawley violated the FDCPA, and that Plaintiffs failed to allege that the debt in question was covered by the FDCPA. Whether the debt was covered by the FDCPA has already been addressed, and is more appropriately challenged in a motion to dismiss. As to the first issue, Hawley argues that he strictly complied with the standards of the FDCPA. Specifically, he claims that upon receiving the file from Metris, he sent out a demand letter in conformity with the FDCPA requirements. When Plaintiffs requested validation of their debt, Hawley states that he referred the request to Metris, who subsequently recalled the file. After the file was recalled, Hawley states that he had no other contact with the Plaintiffs.

Plaintiffs counter that Hawley, having access to their file, knew or should have known entities associated with Metris have previously sent similar demand letters and failed to respond to Plaintiffs' requests for validation. Plaintiffs claim that by sending the demand letter with such knowledge, Hawley violated the FDCPA.[4] Plaintiffs, however, fail to provide any authority for this proposition, nor does Hawley counter the allegation in his reply brief.

Hawley does contend in his reply that Plaintiffs' opposition and motion do not contain "citations to a pleading, deposition, interrogatory, or other evidence upon which they are relying." (Reply, p. 3). To some extent, this claim is entirely true; Plaintiffs have not cited depositions or answers to interrogatories in their opposition as is required to oppose a motion for summary judgment. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (A non-moving party may defeat a summary judgment motion by demonstrating a genuine issue of material fact through, among other means, depositions and answers to interrogatories). However, it is understandable that Plaintiffs have failed to cite any deposition evidence or interrogatory answers in light of the fact that as of the time Hawley filed his motion, less than three months had passed since Plaintiffs filed their complaint. Clearly, little if any discovery has been conducted in this case. In fact, Plaintiffs complain in their opposition that Hawley has thwarted the discovery process by his failure to adhere to the requirements of Fed.R.Civ.P. 26.

Ultimately, the Plaintiffs should be given a chance to prove their case. In this instance, the Court finds Hawley's motion for summary judgment premature. A party should have an adequate opportunity to develop his claims through discovery before summary judgment is appropriate. *See Klingele v. Eikenberry,* 849 F.2d 409, 412 (9th Cir.1988).

As to Plaintiffs' motion for partial summary judgment, a moving party is entitled to summary judgment "upon a showing that there are no genuine issues of material fact requiring trial." *See Henry v. Gill Industries, Inc.,* 983 F.2d 943, 950 (9th Cir.1993). Plaintiffs' motion for partial summary judgment falls woefully short of this standard, especially in light of the limited discovery that has been conducted to date. Therefore, both motions for summary judgment are denied *without* prejudice.

### G. Mangus, Metris, and Direct Merchants' motion for determination of good faith settlement

MBNA moved for a determination of good faith settlement on October 3, 2002, requesting information regarding the settlement agreement between the Plaintiffs and M.R.S. Associates, Inc., entered into on October 1, 2002. Mangus, Metris, and Direct Merchants joined this motion on October 10, 2002. The only authority MBNA cited for its request is a Ninth Circuit case involving California state law. Nevada has an analogous statute, codified at Nev.Rev.Stat. 17.245. The statute was promulgated "to encourage settlements by discharging all liability for contribution by a settling tortfeasor to others upon a finding that the settlement was entered in 'good faith.'" *In re MGM Grand Hotel Fire Litig.,* 570 F.Supp. 913, 926 (D.Nev.1983). If the settlement is deter-

---

4. Plaintiffs also claim that due to the contents of Hawley's demand letter, the letter itself violates FDCPA requirements. After reviewing the letter, the Court finds Plaintiffs claims in this regard to be without merit.

mined to be one entered into in good faith, however, the non-settling defendant is still protected under Nev.Rev.Stat. 17.245(1), as the "non-settling defendant receives a credit in the amount contributed by the settling defendant in any subsequent verdict against that defendant." *Id.* at 927.

■ However, this is not a case involving state law. This case involves liability pursuant to a federal statute, and where a defendant seeks contribution for violation of a federal statute, federal law applies. *See Doherty v. Wireless Broadcasting Systems of Sacramento, Inc.,* 151 F.3d 1129, 1131 (9th Cir.1998) ("A defendant held liable under a federal statute has a right to indemnification or contribution from another only if such right arises: (1) through the affirmative creation of a right of action by Congress, either expressly or implicitly, or (2) under the federal common law."). Whether the FDCPA provides a right to indemnification or contribution has been analyzed in a recent district court case in California. In *Irwin v. Mascott,* 94 F.Supp.2d 1052, 1059–60 (N.D.Cal. 2000), the court analyzed the FDCPA under the test stated in *Doherty,* and found that the FDCPA contains no implied or express right of contribution or indemnification.

This case, however, presents a unique situation where the Plaintiffs have alleged an overarching conspiracy to commit acts constituting violations of the FDCPA. And while it is true, as MBNA noted in its motion that "it is difficult to determine from the Complaint how the statutory and actual damages should be allocated among the Defendants," (Mot. Det. Good Faith Set. p. 2), it is still incumbent on the Defendants to make a showing as to why, given the unique nature of the Plaintiffs' allegation and the fact that contribution is not available as a remedy in this case, the Court should make a good faith determination. MBNA's motion instead requests "a determination of good faith settlement to ascertain what effects, if any, a settlement has on the setoff against other defendants and on contribution rights." *Id.* Because Defendants have not shown that they have a right to set-offs or contribution under the FDCPA, their motion is dismissed *without* prejudice.

## H. Defendants Michael Schor, Rich Reese, and Valerie Ingram

Service must be made on a defendant within 120 days of filing of the complaint. *See* Fed.R.Civ.P. 4(m). Upon careful inspection of the record, the Court finds that Plaintiffs have failed to file proof of service as to Defendants Schor, Reese, and Ingram. *See* Fed.R.Civ.P. 4(1). Therefore, Plaintiffs have 10 days from entry of this order to oppose their dismissal or file proof of service as to these Defendants. If proof of service is not filed within the proscribed time, the action is dismissed with prejudice as to Defendants Schor, Reese, and Ingram.

IT IS THEREFORE ORDERED that Defendant Law Offices of Wanderer & Wanderer's motion to quash (# 4) is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' motion to strike Wanderer's motion to quash (# 11) is DENIED.

IT IS FURTHER ORDERED that Defendant Law Offices of Wanderer & Wanderer's motion to set aside entry of default (# 21) is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' motion for entry of default judgment (# 20) is DENIED.

IT IS FURTHER ORDERED that Defendant MBNA America Bank's motion to dismiss (# 16) is DENIED as moot.

IT IS FURTHER ORDERED that Defendants' Metris Companies, Inc., and Magnus Services, Inc., motion to quash for insufficiency of service (# 22) is DENIED as moot.

IT IS FURTHER ORDERED that Plaintiffs' motion to strike Metris and Magnus' motion to quash (# 26) is DENIED as moot.

IT IS FURTHER ORDERED that Metris, Magnus, and Direct Merchants Bank's motion to dismiss (# 38) is DENIED as to Mangus and Direct Merchants Bank. The motion is GRANTED as to Metris, and Plaintiffs' complaint against Metris is dismissed without prejudice. Plaintiffs' have 10 days from entry of this order to amend their complaint to include a claim against Metris.

IT IS FURTHER ORDERED that Mangus and Metris' joinder (# 44) to MBNA's motion for good faith settlement determination (# 41) is DENIED without prejudice.

IT IS FURTHER ORDERED that Defendant Hawley's motion for summary judgment (# 43) is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiffs' motion for partial summary judgment (# 49) is DENIED without prejudice.