PPV CONNECTION, INC., Plaintiff,

v.

USC Celso Jimenez RODRIGUEZ, et al., Defendants.

Luis Mejias Gerena d/b/a Chicoman Pub, Third–Party Plaintiff,

v.

SatÉlites de Puerto Rico, Ltd. d/b/a Direct T.V. of Puerto Rico, et al., Third–Party Defendants.

No. CIV. 04–1583(JAF).

United States District Court, D. Puerto Rico.

March 8, 2005.

Eduardo Castillo–Blanco, Ivan M. Fernandez Law Office, Maria S. Castillo–Fuertes, PR Department of Justice, San Juan, PR, for Plaintiff.

Julia Perez–Carrillo, Julia Perez Carrillo Law Office, San Juan, PR, for Defendants.

## OPINION AND ORDER

FUSTE, Chief Judge.

Plaintiff brings this action against several Defendants, alleging violations of the Communications Act of 1934, 47 U.S.C. §§ 553, 605 (2001 & Supp.2004). *Docket Document No. 1.*

Third–Party Plaintiff impleaded Third–Party Defendant, alleging breach of contract pursuant to Articles 1042, 1044, 1054, 1057, and 1206 of Puerto Rico's Civil Code, 31 L.P.R.A. §§ 2992, 2994, 3018, 3021, and 3371 (1990 & Supp.2000). *Docket Document No. 34.* Third–Party Defendant moves for judgment on the pleadings, alleging that there is no express or implied right of contribution among joint infringers under the Communications Act or under federal intellectual property law. *Docket Document No. 37.* Third–Party Plaintiff has not replied.

## I.

### Facts and Procedural Synopsis

Unless otherwise indicated, we derive the following factual summary from the complaint. *Docket Document No. 1.* As we must, we "assume all plaintiffs' allegations are true and make all reasonable inferences in favor of the plaintiffs." *Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co.,* 267 F.3d 30, 36 (1st Cir.2001).

Plaintiff is a corporation organized and existing under the laws of the Commonwealth of Puerto Rico.

Defendants are individual owners, partners, managers, agents, or employees of the businesses identified in the complaint.

Third–Party Plaintiff, Mejías, is an original Defendant and the owner of a small business named Chico Man Pub, located in Dorado, Puerto Rico. *Docket Document No. 34.*

Third–Party Defendant, Direct TV, has its principal place of business in Carolina, Puerto Rico.

Plaintiff sued Defendants for the illegal and unauthorized interception or reception, and the illegal and unauthorized transmission, broadcast, publication or exhibition of "the Triple Crown II" boxing program.

Mejías alleges that he entered into an agreement with Direct TV for satellite television programming services, and that he informed Direct TV that such service was to be used in his business, Chico Man Pub. Mejías ordered special pay-per-view programs from Direct TV, which Mejías paid on a monthly basis. Mejías is suing Direct TV for breach of contract, alleging that he was never informed that there was a different rate for using satellite television programming in his place of business.

Third–Party Defendant filed a motion for judgment on the pleadings on December 1, 2004. *Docket Document No. 37.* Third–Party Plaintiff filed a motion for extension of time to reply on December 7, 2004, *Docket Document No. 39,* which the court granted on December 14, 2004, *Docket Document No. 51.* Third–Party Defendants' motion for judgment on the pleadings remains unopposed.

## II.

### Motion for Judgment on the Pleadings Standard

Although the First Circuit recently recognized that "nothing in the text of Rule 12(c) compels [a] court to apply any particular standard when deciding whether to grant or deny a motion for judgment on the pleadings," *NEPSK, Inc. v. Town of Houlton,* 283 F.3d 1, 8 (1st Cir.2002), the First Circuit has consistently upheld the long-standing standard that judgment on the pleadings, "may not be entered unless it appears beyond a doubt that the nonmoving party can prove no set of facts in support of her claim which would entitle her to relief." *Feliciano v. Rhode Island,* 160 F.3d 780, 788 (1st Cir. 1998); *Gaskell v. Harvard Coop. Soc'y,* 3 F.3d 495, 497–98 (1st Cir.1993); *Int'l Paper Co. v. Jay,* 928 F.2d 480, 482 (1st Cir.1991).

■ Thus, the standard for evaluating a motion for judgment on the pleadings is "essentially the same as the standard for evaluating a Rule 12(b)(6) motion." *Id.* (quoting

*Metromedia Steakhouses Co. v. Resco Mgmt., Inc.*, 168 B.R. 483, 485 (D.N.H.1994)). The court must accept all factual averments in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See Garita Hotel Ltd. P'ship v. Ponce Fed. Bank, F.S.B.*, 958 F.2d 15, 17 (1st Cir.1992); *Medina*, 943 F.2d at 130.

## III.

### Analysis

Direct TV moves for judgment on the pleadings on the grounds that: (1) the third-party complaint is improper under Rule 14, and (2) there is no right of contribution among joint infringers under the Communications Act. *Docket Document No. 37.*

### A. Federal Rule of Civil Procedure 14

Direct TV argues that under Rule 14, it cannot be impleaded into the present suit because Mejías has no right of contribution against it. Federal Rule of Civil Procedure 14, which addresses third-party practice, states in relevant part:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and a complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff.

FED. R. CIV. P. 14(a).

A third-party claim under Rule 14 "can be maintained only if the liability asserted is in some way derivative of the main claim." *Kohl's Dept. Stores, Inc. v. Target Stores, Inc.*, 214 F.R.D. 406, 413 (E.D.Va. 2003); *see also* 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1446 (2d ed.1990). "A third party cannot be joined simply because that party may be solely liable to the plaintiff .... Therefore, a third-party action is proper only when a right to relief exists under the applicable substantive law" *Foulke v. Dugan*, 212 F.R.D. 265, 269–70 (E.D.Pa.2002). "[A] third party claim is not appropriate where the defendant and putative third party plaintiff say[ ], in effect, 'It was him, not me.' Such a claim is viable only where a proposed third party plaintiff says, in effect, 'If I am liable to plaintiff, then my liability is only technical or secondary or partial, and the third party defendant is derivatively liable and must reimburse me for all or part ... of anything I must pay plaintiff.'" *Watergate Landmark Condominium Unit Owners' Assoc. v. Wiss, Janey, Elstner Assoc., Inc.*, 117 F.R.D. 576, 578 (E.D.Va. 1987).

Accordingly, for Mejías to recover from Direct TV, Mejías' liability to Plaintiff must derive from Direct TV's liability to Plaintiff. Whether Direct TV is liable to Plaintiff is determined under the Communications Act.

### B. Communications Act

Direct TV maintains that neither the Communications Act, nor any other source of federal law, creates an express or implied right of contribution between joint infringers. Mejías does not oppose Direct TV's argument.

"A defendant held liable under a federal statute has a right to indemnity or contribution from another who has also violated the statute only if such right arises through (1) the express or implicit creation of a right of action by Congress, or (2) the power of the courts to formulate federal common law." *Don King Prods./Kingvision v. Ferreira*, 950 F.Supp. 286 (E.D.Cal.1996) (citing *Mortgages, Inc. v. U.S. Dist. Court for the Dist. of NV*, 934 F.2d 209, 212 (9th Cir.1991)); *see also Tex. Indus., Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 638, 101 S.Ct. 2061, 68 L.Ed.2d 500 (1981); *Doherty v. Wireless Broad. Sys. of Sacramento, Inc.*, 151 F.3d 1129, 1130–31 (9th Cir.1998), *cert. denied*, 528 U.S. 813, 120 S.Ct. 48, 145 L.Ed.2d 43 (1999); *Lehman Brothers, Inc. v. Wu*, 294 F.Supp.2d 504, 504–05 (S.D.N.Y.2003).

"[T]he Communications Act does not have an express or implied statutory provision for indemnity, and there does not appear to be an established federal common law tradition on this point." *Sikes v. Am. Tel. & Tel. Co.*, 841 F.Supp. 1572, 1583 (S.D.Ga.1993).

In *Don King Productions*, 950 F.Supp. 286, a boxing match promoter alleged violations under the Communications Act §§ 553

and 605 against a commercial establishment owner for the unauthorized broadcast of a boxing match to patrons without an agreement with the promoter. The commercial establishment owner sued a third-party defendant, arguing that he was entitled to indemnity or contribution from the third-party defendant because he was without fault and should be entitled to some form of recourse. *Id.* at 289. The court held that "[c]reating a federal common law right to seek indemnity for such damages would undermine the regulatory function of the Act itself." *Id.*

Similarly, in *Doherty v. Wireless Broadcasting Systems of Sacramento, Inc.,* the Ninth Circuit held that there "is no indication in the [Communication Act's] legislative history that Congress intended to grant violators of Section 553 or Section 605 a right to indemnification." 151 F.3d at 1131.

Mejías seeks indemnity from Direct TV for its violations of the Communication Act. However, Mejías cannot receive contribution or indemnity from Direct TV under the Communications Act. Because Rule 14 limits impleader to those situations where a third-party defendant is liable to a third-party plaintiff for all or part of the plaintiff's claims against third-party plaintiff, we grant Direct TV's motion for judgment on the pleadings.

## IV.

### *Conclusion*

In accordance with the foregoing, we **GRANT** Third–Party Defendant Direct TV's motion for judgment on the pleadings. Mejías' breach of contract claims under Puerto Rico law against Direct TV are **DISMISSED WITHOUT PREJUDICE.** Sanctions under FED. R. CIV. P. 11 are **DENIED.** Judgment shall be entered accordingly.

**IT IS SO ORDERED.**