LEHMAN BROTHERS, INC., Plaintiff,

v.

Wei WU, Defendant,

Wei Wu, Third–Party Plaintiff,

v.

Deutsche Banc Alex. Brown, Inc., Third–Party Defendant.

No. 03 CIV. 4553(JSR).

United States District Court, S.D. New York.

Dec. 9, 2003.

David R. Francescani, Irene Hudson, Fish & Richardson P.C., New York, NY, for Plaintiff.

Maxim H. Waldbaum, Lora A. Moffatt, Lori D. Greendofer, Salans, Hertzfeld, Heilbronn, Christy & Viener, New York, NY, for Defendant/Counter Claimant/Third–Party Plaintiff.

Jatinder K. Sharma, Kerry Parker, pro hac vice, Epstein, Becker & Green, P.C., Kenneth J. Turnbull, O'Melveny & Myers, L.L.P., New York, NY, for Third–Party Defendant.

## MEMORANDUM ORDER

RAKOFF, District Judge.

■ On October 31, 2003, *see* transcript, the Court ruled from the bench on every prong save one of the motion to dismiss brought by third-party defendant Deutsche Bank Securities, Inc. ("Deutsche Bank"), formerly known as Deutsche Banc Alex. Brown, Inc. *See* Order dated 11/03/03 (confirming the rulings from the bench). The remaining issue is whether defendant/third-party plaintiff Wei Wu has stated a claim against Deutsche Bank for contribution if Wu is found liable for the copyright infringement alleged against him by plaintiff Lehman Brothers, Inc.

■ It is well-established that the owner of a copyright may seek relief not only against someone who infringed that owner's copyright, but also against someone who knowingly contributed to that infringement. *See, e.g., Gershwin Publ'g Corp. v. Columbia Artists Management, Inc.,* 443 F.2d 1159, 1162 (2d Cir.1971). But it does not automatically follow that the primary tortfeasor, if found liable, can reduce or recoup some of his damages by obtaining contribution from the ancillary tortfeasor. Such a claim for contribution would lie only if: (1) the Copyright Act creates such a right to contribution either

explicitly or implicitly, or (2) such a right inheres as a matter of federal common law. *See Texas Industries, Inc. v. Radcliff Materials, Inc.,* 451 U.S. 630, 638, 101 S.Ct. 2061, 68 L.Ed.2d 500 (1981).[1]

As to the first possibility, Wu has not argued that the Copyright Act creates a right to contribution, even by implication, and when the Court raised the issue at oral argument, he chose not to pursue it. *See* transcript, 10/31/03, at 38–41.

As to the second possibility, the judicial extension of federal common law to create a right of contribution seems peculiarly inappropriate in the context of federal copyright law, where Congress has otherwise legislated with great particularity as to liability, damages, remedies, and the like. *See, e.g.,* 17 U.S.C. § 501, *et seq.* Nor is the creation of a right to contribution between copyright infringers "necessary to protect uniquely federal interests," *Texas Industries Inc.,* 451 U.S. at 640, 101 S.Ct. 2061, for the federal interest here in question is "securing for limited Times to Authors ... the exclusive Right to their respective Writings," U.S. Const. art. I, § 8, cl. 8, and the right of contribution is hardly "necessary" to protect that interest.

Accordingly, for the foregoing reasons, Deutsche Bank's motion to dismiss Wu's claim for copyright contribution is hereby granted.

SO ORDERED.

---

1. Although Wu suggests a third possibility, *viz.,* obtaining contribution under New York state law, this is not availing because "whether contribution is available in connection with a federal statutory scheme is a question governed solely by federal law." *Johnston v. Smith,* 1997 WL 584349 (N.D.Ga.1997). *See generally Northwest Airlines, Inc. v. Transport Workers Union of America, AFL–CIO,* 451 U.S. 77, 101 S.Ct. 1571, 67 L.Ed.2d 750 (1981).