**ZERO TOLERANCE ENTERTAINMENT, INC.**

v.

**Shaun FERGUSON, et al.**

**No. CV 06–4132–RC.**

United States District Court, C.D. California.

Oct. 10, 2008.

Clyde Dewitt, Clyde Dewitt Law Offices, Santa Monica, CA, for Zero Tolerance Entertainment, Inc.

Jeffrey J. Zuber, Zuber and Taillieu, LLP, Los Angeles, CA, for Shaun Ferguson, et al.

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING DEFENDANT SHAUN FERGUSON'S MOTION FOR LEAVE TO FILE IMPLEADER**

ROSALYN H. CHAPMAN, United States Magistrate Judge.

On September 26, 2008, defendant Shaun Ferguson dba Adults Allowed filed a notice of motion and motion for leave to file an impleader ("Motion") and a supporting memorandum of points and authorities with exhibits, including the parties' stipulation allowing the filing of an impleader and the proposed impleader. On October 8, 2008, plaintiff filed non-opposition to defendant's motion. This matter is decided in Chambers without oral argument pursuant to Local Rule 7–15.

## BACKGROUND

On June 28, 2006, plaintiff Zero Tolerance Entertainment, Inc., filed its initial complaint, and on October 27, 2006, plaintiff filed a First Amended Complaint ("FAC") against defendants for copyright and trademark infringement, unfair business practices and counterfeiting, seeking damages and injunctive relief. Common to all causes of action, plaintiff alleges the following facts: The plaintiff "is in the business of acquiring, manufacturing and distributing pre-recorded, sexually oriented motion pictures" to which it acquires "all rights [.]" FAC ¶¶ 15–16. "[T]he Plaintiff distributes th[e] motion picture[s] by means of pre-recorded DVD[s], manufactured by the Plaintiff. Each DVD includes a conspicuous notice that copying is prohibited and that the Plaintiff owns its copyright." FAC ¶ 17. "[T]he Plaintiff also licenses the motion pictures on a non-exclusive basis" to particular Internet websites. *Id.* ¶ 18. Additionally, plaintiff has registered the mark "Zero Tolerance," which holds registration no. 2951629 issued May 17, 2005, in International Categories 9 and 41. FAC ¶ 25. Defendants operate an Internet business adultsallowed.com, known as Adults Allowed. FAC ¶ 31. "Viewers of Defendants' website [ ] can view and download sexually oriented photographic images and motion pictures for a monthly fee. A large number of the photographic images and motion pictures Defendants have copied and published on the[ir] website are Plaintiff's copyrighted Motion Picture Works. Plaintiff never gave permission to Defendants to use the images...." FAC ¶ 32. On November 22, 2006, defendants answered the First Amended Complaint and raised several affirmative defenses.

On April 18, 2007, this Court held a successful settlement conference, at which all parties and counsel were present, including defendant Ferguson and his then-counsel Marc S. Colen. As part of the settlement, defendants stipulated to a permanent injunction and plaintiff dismissed all claims for monetary relief, and on October 12, 2007, Judgment was entered. On October 5, 2007, the parties consented to proceed before this Court under 28 U.S.C. § 636(c).

On March 14, 2008, plaintiff filed a notice of motion and motion for contempt against defendants, and on March 19, 2008, the Court reopened this action. On April 11, 2008, this Court permitted defendants' current counsel to substitute for Mr. Colen. On May 20, 2008, pursuant to the parties' stipulation, the Court granted plaintiff's request to withdraw its motion for contempt.

On May 30, 2008, the Court granted the parties' stipulation to permit plaintiff to file a supplemental complaint, and that same day, plaintiff filed his First Supplemental Complaint, raising the same claims as in the First Amended Complaint and seeking damages and injunctive relief. In its Supplemental Complaint, plaintiff alleges that both before and after the entry of Judgment against him, defendant Ferguson "continued all of the infringing activities alleged in the First Amended Complaint and continues to the present doing so." Supplemental Complaint ¶¶ 1–3. On June 20, 2008, defendant Ferguson answered the Supplemental Complaint (erroneously referring to a Second Amended Complaint) and raised several affirmative defenses.

## DISCUSSION

█ Federal Rule of Civil Procedure 14(a) provides:

A defending party may, as third-party plaintiff, serve a summons and complaint

on a non-party who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 10 days after serving its original answer. Fed.R.Civ.P. 14(a)(1). "The decision to allow a third-party defendant to be impleaded under rule 14 is entrusted to the sound discretion of the trial court." *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir.1983), *cert. denied sub nom., Webb v. U.S.*, 464 U.S. 1071, 104 S.Ct. 981, 79 L.Ed.2d 217 (1984); *Southwest Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir.1986), *cert. denied*, 479 U.S. 1065, 107 S.Ct. 951, 93 L.Ed.2d 999 (1987).

■■■■ "The purpose of ... rule [14(a)] is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." *Southwest Adm'rs, Inc.*, 791 F.2d at 777 (citation omitted); *Kim v. Fujikawa*, 871 F.2d 1427, 1434 (9th Cir.1989). "Thus, a third-party claim may be asserted only when the third party's liability is in some way dependant on the outcome of the main claim and the third party's liability is secondary or derivative." *One 1977 Mercedes Benz*, 708 F.2d at 452 (citations omitted); *Stewart v. American Int'l Oil & Gas Co.*, 845 F.2d 196, 199–200 (9th Cir.1988); *see also Irwin v. Mascott*, 94 F.Supp.2d 1052, 1056 (N.D.Cal.2000) ("For impleader to be permitted under Rule 14, the third-party plaintiff's claim must be dependent upon the outcome of the main claim."). "It is not sufficient that the third-party claim is a related claim; the claim must be derivatively based on the original plaintiff's claim." *One 1977 Mercedes Benz*, 708 F.2d at 452; *see also* 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure:* Civil 2d § 1446 (1990) ("The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough."). Rather, "[t]he crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff." *Stewart*, 845 F.2d at 200 (citation omitted); *Irwin*, 94 F.Supp.2d at 1056.

■■■■ The impleader defendant Ferguson seeks permission to file is for damages against his former attorney Mr. Colen for professional negligence, breach of fiduciary duty, breach of contract, and breach of the implied covenant of good faith and fair dealing for failing to advise him that plaintiff complained he was violating the settlement and Judgment. Motion, Exh. A. Although these claims may be tangentially "related to" plaintiff's copyright and trademark infringement claims against defendant Ferguson, they are not derivative of those claims. To the contrary, the nature of these claims is "entirely different and independent" from the claims plaintiff raises. *One 1977 Mercedes Benz*, 708 F.2d at 452. Thus, it cannot be said that Mr. Colen "may be secondarily or derivatively liable to [ ] defendant [Ferguson] for all or part of the plaintiff's [copyright and trademark infringement] claim[s]." *Southwest Adm'rs, Inc.*, 791 F.2d at 777; *Stewart*, 845 F.2d at 200.

■■■■ Defendant Ferguson also seeks equitable indemnity from Colen "for the injuries and damages allegedly sustained by [plaintiff]" due to Ferguson's alleged violations of federal copyright and trademark law. Motion, Exh. A at ¶ 50. However, "[a] defendant held liable under a federal statute has a right to indemnification or contribution from another only if such right arises: (1) through the affirmative creation of a right of action by Congress, either expressly or implicitly, or (2) under the federal common law." *Doherty v. Wireless Broad. Sys. of Sacramento, Inc.*, 151 F.3d 1129, 1130–31 (9th Cir.1998), *cert. denied*, 528 U.S. 813, 120 S.Ct. 48, 145 L.Ed.2d 43 (1999); *Texas Indus., Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 638, 101 S.Ct. 2061, 2066, 68 L.Ed.2d 500 (1981); *Mortgages, Inc. v. U.S. Dist. Ct. for Dist. of Nev.*, 934 F.2d 209, 212 (9th Cir.1991). Yet, "[c]ourts have held that no ... right[ ] [to indemnification or contribution] exist [s] under either the Copyright Act or federal common law." *Elektra Entm't Group, Inc. v. Santangelo*, 2008 WL 461536,

*2 (S.D.N.Y.); *see also Pure Country Weavers. Inc. v. Bristar, Inc.*, 410 F.Supp.2d 439, 448 (W.D.N.C.2006) ("This Court, like others, has previously determined that no right of indemnification was affirmatively created (either expressly or implicitly) by Congress in the Copyright Act, and ... this is not one of the 'limited situations' in which the Court should formulate federal common law to create such a right."); *Equity Builders & Contractors, Inc. v. Russell*, 406 F.Supp.2d 882, 885–87 (N.D.Ill.2005) (neither the Copyright Act nor federal common law create a right of contribution); *Arista Records, Inc. v. Flea World, Inc.*, 356 F.Supp.2d 411, 416 (D.N.J. 2005) ("[C]ourts have held that copyright infringing defendants can not assert contribution in claims against third parties who allegedly contribute to infringement; neither the Copyright act nor federal common law recognize a copyright infringer's right to contribution."); *Lehman Bros., Inc. v. Wu*, 294 F.Supp.2d 504, 505 (S.D.N.Y.2003) (holding there is no right to contribution in a copyright case). Similarly, courts have held there is no right to indemnification or contribution under the Lanham Act. *See Getty Petroleum Corp. v. Island Transp. Corp.*, 862 F.2d 10, 16 (2d Cir.1988) ("No express right of contribution exists under the Lanham Act, and [the district court] correctly concluded that it was inappropriate to imply such a right."), *cert. denied*, 490 U.S. 1006, 109 S.Ct. 1642, 104 L.Ed.2d 157 (1989); *Santana Prods., Inc. v. Bobrick Washroom Equip., Inc.*, 69 F.Supp.2d 678, 681–84, 687 (M.D.Pa.1999) ("[T]here is no right to contribution for violations of the Lanham Act[,]" and "there is no federal common law right to indemnification and Congress has not explicitly or implicitly provided such a right to indemnification under ... the Lanham Act. Thus, indemnification with respect to violations of federal law is foreclosed."). Therefore, defendant Ferguson's indemnification and contribution claims provide no basis for allowing impleader. *Kim*, 871 F.2d at 1434; *Stewart*, 845 F.2d at 200.

Further, "a court, called upon to exercise its discretion as to impleader, must balance the desire to afford circuity of actions and to obtain consistent results against any prejudice that the plaintiff might suffer from complications of the case." *Somportex Ltd. v. Philadelphia Chewing Gum Corp.*, 453 F.2d 435, 439–40 n. 6 (3d Cir.1971), *cert. denied*, 405 U.S. 1017, 92 S.Ct. 1294, 31 L.Ed.2d 479 (1972) (citation omitted); *see also Southwest Adm'rs, Inc.*, 791 F.2d at 777 (The district court did not abuse its "discretion to deny an application for impleader where it would disadvantage the existing action.... To have granted the impleader might well have complicated and lengthened the trial...."). Some courts, in determining whether to permit impleader, consider the following factors: (1) prejudice to the original plaintiff; (2) complication of issues at trial; (3) likelihood of trial delay; and (4) timeliness of the motion to implead. *Irwin*, 94 F.Supp.2d at 1056. Here, all of these factors weigh against permitting impleader. The first factor, prejudice to the plaintiff, weighs heavily against impleader since the discovery cut-off date in this action was October 1, 2008, and permitting a third-party to now appear would require extending the discovery cut-off date, as well as delaying the trial.[1] Similarly, the second factor, complication of issues at trial, also weighs heavily against impleader since the impleader raises new issues pertaining to the standard of legal practice and breach of contract, rather than copyright and trademark infringement; thus, it is indisputable that impleader would complicate the issues at trial. Third, as noted above, permitting impleader would result in a delay of the trial, which is now set for February 10, 2009. Finally, the fourth factor, timeliness of the motion to implead, also weighs against permitting impleader since defendant Ferguson did not file his motion to implead until over six months after plaintiff filed its motion for contempt, which should have put defendant Ferguson on notice of the claims plaintiff raises in his Supplemental Complaint, and defendant Ferguson's pur-

---

1. Thus, the Court rejects the parties' stipulation that "Plaintiff will not be prejudiced by the filing of [defendant's] Impleader against" Colen.

ported claims against Mr. Colen, and over three months—not ten days—after defendant Ferguson answered the Supplemental Complaint. For all these reasons, judicial efficiency would be harmed, rather than promoted, if impleader were allowed, and defendant Ferguson's motion should be denied. *Southwest Adm'rs, Inc.,* 791 F.2d at 777.

**ORDER**

Defendant Shaun Ferguson's motion for leave to file impleader **IS DENIED.**